Craig DACHTERA, et al., Respondents,

v.

Donald WHITEHOUSE,
et al., Appellants.

No. C5–99–1741.

Court of Appeals of Minnesota.

April 18, 2000.

Robert B. Bauer, Staci L. Herr, Michael G. Dougherty, Severson, Sheldon, Dougherty & Molenda, Apple Valley, MN (for appellants).

John Harper, III, Terrance J. Wagener, Krass Monroe, Minneapolis, MN (for respondents).

Considered and decided by HARTEN, Presiding Judge, DAVIES, Judge, and FOLEY,* Judge.

## OPINION

HARTEN, Judge.

After respondents terminated the contract between the parties, appellants sought to arbitrate pursuant to Minn.Stat. § 325E.37 (1998). Respondents brought this declaratory judgment action to determine the statute's application and to stay arbitration. Appellants now challenge the summary judgment and the stay of arbitration granted to respondents. Because we conclude that appellants have no statutory right to arbitration, we affirm.

## FACTS

Respondent Craig Dachtera is the sole shareholder, president, and employee of respondent Dachtera Sales, Inc. (DSI). DSI's business involves entering into sales representative agreements with manufacturers of components to sell the components to equipment manufacturers.

DSI entered into a contract with appellants Donald Whitehouse and Whitehouse & Assoc., Inc. (WAI), who were also in the business of entering into sales representative agreements with component manufacturers. The contract provided that WAI, as DSI's agent, would service specific accounts on behalf of DSI and would be compensated $2,000 per month plus 70% of the commissions received by DSI on sales made by WAI. DSI later terminated its contract with WAI.

## ISSUE

Does Minn.Stat. § 325E.37 (1998) apply to the parties?

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

## ANALYSIS

■ Statutory construction is a question of law, which we review de novo. *Sorenson v. St. Paul Ramsey Med. Ctr.*, 457 N.W.2d 188, 190 (Minn.1990). The application of a statute to the undisputed facts of a case involves a question of law, and the district court's decision is not binding on this court. *Boubelik v. Liberty State Bank*, 553 N.W.2d 393, 402 (Minn. 1996).

Minn.Stat. § 325E.37, subd. 1 (1998) provides that:

(d) "Sales representative" means a person who contracts with a principal to solicit wholesale orders and who is compensated, in whole or in part, by commission.

Sales representative does not include a person who:

(1) is an employee of the principal;

(2) places orders or purchases for the person's own account for resale;

(3) holds the goods on a consignment basis for the principal's account for resale; or

(4) distributes, sells, or offers the goods, other than samples, to end users, not for resale.

(e) "Sales representative agreement" means a contract or agreement, either express or implied, whether oral or written, for a definite or indefinite period, between a sales representative and another person or persons, whereby a sales representative is granted the right to represent, sell, or offer for sale a *manufacturer's, wholesaler's, assembler's, or importer's goods* by use of the latter's trade name, trademark, service mark, logotype, advertising or other commercial symbol or related characteristics, and in which there exists a community of interest between the parties in the marketing of the goods at wholesale, by lease, agreement, or otherwise.

Minn. Const. art. VI, § 10.

*"Wholesale orders"* means the solicitation of orders for goods by persons in the distribution chain for ultimate sale at retail.

(Emphasis added.) Subdivision 5 provides that:

(a) The sole remedy for a manufacturer, wholesaler, assembler, or importer who alleges a violation of any provision of this section is to submit the matter to arbitration. A sales representative may also submit a matter to arbitration, or in the alternative, at the sales representative's option prior to the arbitration hearing, the sales representative may bring the sales representative's claims in a court of law, and in that event the claims of all parties must be resolved in that forum.

\* \* \* \*

(c) The decision of any arbitration hearing under this subdivision is final and binding on the sales representative and the manufacturer, wholesaler, assembler, or importer. The district court shall, upon application of a party, issue an order confirming the decision.

Appellants claim that subdivision 5 entitles them to arbitrate their dispute with respondents.

■ At the threshold, appellants contend that the district court lacked subject matter jurisdiction because the issue of arbitrability is to be determined in the first instance by an arbitrator, not a court. They rely on *Minnesota Educ. Ass'n. v. Independent Sch. Dist. No. 495,* 290 N.W.2d 627 (Minn.1980). But appellants' reliance is misplaced. *Minnesota Educ. Ass'n.* is distinguishable on two grounds.

First, *Minnesota Educ. Ass'n* sets forth procedures for three situations: (1) when the parties have evinced a clear intent to arbitrate a controversy arising out of a specific provision of a contract, the matter is for the arbitrators to determine; (2) if the parties' intent as to the scope of the arbitration clause is reasonably debatable, the issue of arbitrability is to be deter-

mined by the arbitrators; and (3) if there is no agreement to arbitrate either in fact or because the controversy sought to be arbitrated is not within the scope of the arbitration clause of the contract, the court may interfere and prevent a party from being compelled to arbitrate. *Id* at 629. In *Minnesota Educ. Ass'n,* the parties' intent was reasonably debatable, and arbitrability was therefore to be determined by the arbitrators. *Id.* at 629–30. Here, because the dispute is between a sales representative and its subagent, also a sales representative, the controversy is not within the scope of the statutory arbitration clause, and the district court was correct in refusing to compel arbitration.

Second, in *Minnesota Educ. Ass'n* the arbitration clause at issue was part of a contract. The clause at issue here is statutory, Minn.Stat. § 325E.37, subd. 5. The Uniform Declaratory Judgments Act, Minn.Stat. § 555.01–.02 (1998), provides that any person whose rights are affected under a statute may obtain a declaration of those rights from a court. Therefore, the district court had subject matter jurisdiction over the issue of arbitrability.

■ Appellants go on to argue that respondents waived their right to object to arbitration by not filing their declaratory judgment action until arbitration had progressed through payment of filing fees and selection of an arbitrator. Appellants rely on *Helmerichs v. Bank of Minneapolis & Trust Co.,* 349 N.W.2d 326, 327 (Minn.App. 1984), *review denied* (Minn. Dec. 20, 1984), holding that a party waived the right to object where the party did not object to arbitration until after the hearing and the final decision. Here, respondents filed their action before the hearing; they did not waive their right to oppose arbitration.

■ Finally, appellants argue that respondents are "principals" within the meaning of Minn.Stat. § 325E.37. The term "principal" is not defined in the statute. It is used in subdivision 1(d), which defines a "sales representative" as one

"who contracts with a principal to solicit wholesale orders." "Sales representative agreement" is defined in subdivision 1(e) as a contract "between a sales representative and another person or persons, whereby a sales representative is granted the right to represent, sell, or offer for sale a manufacturer's, wholesaler's, assembler's, or importer's goods." Thus, the "person or persons" with whom the sales representative contracts in subdivision 1(e) is the "principal" referenced in subdivision 1(d) and is also the manufacturer, wholesaler, assembler, or importer of goods that the sales representative may represent, sell, or offer for sale, pursuant to subdivision 1(e).

The agreement between respondents and appellants did not involve the manufacturing, wholesaling, assembling, or importing of goods; it involved respondents hiring appellants to service some accounts. It was not a sales representative agreement within the meaning of the statute, and the arbitration clause therefore does not apply to it.[1]

### DECISION

■ Minn.Stat. § 325E.37 applies to agreements between a sales representative and a principal, not to agreements between two sales representatives. Because the parties' agreement was not a "sales representative agreement" within the meaning of Minn.Stat. § 325E.37, appellants had no statutory right to arbitration.

**Affirmed.**

1. Appellants also allege three procedural errors on the part of the district court. First, they claim the district court erred in failing to rule on their motions to dismiss respondents' complaint. But although the summary judgment did not explicitly address appellants' motions, it rendered them moot. Second, appellants contend that they were unable to file a reply brief because respondents' brief responding to appellants' motion to dismiss was untimely. But in effect, the parties filed cross-motions for summary judgment, and when cross-motions are involved, a decision may be rendered even though one motion is not timely filed. *See, e.g., Kabanuk Diversified Invs., Inc. v. Credit Gen., Ins. Co.* 553 N.W.2d 65, 69 (Minn.App.1996), *review denied* (Minn. Oct. 28, 1996). Third, appellants contend they were prejudiced because they could not refute in writing respondents' arguments. But appellants neither used the time available to submit a reply brief, nor sought an extension, nor addressed respondents' arguments orally. They show no prejudice.