In re Thomas A. BOCCIO, Debtor.

Maureen Nickolas, Plaintiff,

v.

Thomas A. Boccio, Defendant.

Bankruptcy No. 801–86715–511.
Adversary No. 801–8375–511.

United States Bankruptcy Court,
E.D. New York.

July 3, 2002.

Douglas Valente, New York City, for plaintiff.

Jacoby & Jacoby, Medford, NY, for debtor.

### MEMORANDUM DECISION AND ORDER

MELANIE CYGANOWSKI, Bankruptcy Judge.

Presently before the Court is a proposed Order seeking entry of a default judgment in favor of the plaintiff for all the relief sought in the adversary proceeding complaint. The requested relief includes a determination that certain debts be declared nondischargeable and that the debtor/defendant be declared indebted to the plaintiff for the sums set forth.

Although the facts set forth in the complaint clearly support a finding of nondischargeability for some parts of the claim, others do not. Accordingly, the plaintiff is awarded a judgment by default declaring the non-dischargeability for those sums that are in the nature of, and

related to, alimony, maintenance and support. The other claims for relief are denied and the relief sought therein is dischargeable.

### BACKGROUND

Thomas A. Boccio (the "Debtor" or the "Defendant") filed a Chapter 7 bankruptcy petition on July 23, 2001. The Section 341 meeting of creditors was held on August 21, 2001. On October 31, 2001, the Court entered an Order discharging the debtor.

Maureen Nickolas ("Nickolas") is the Debtor's ex-wife by virtue of a Judgment of Divorce, entered on May 20, 1996. Nickolas was properly named as a creditor in the Debtor's Chapter 7 petition.

On October 21, 2001, Nickolas filed a timely adversary proceeding complaint objecting to discharge of certain debts pursuant to 11 U.S.C. § 523(a)(5). The debts listed in the complaint include the following:

| Amount | Consisting of | Description |
|---|---|---|
| $6,400 plus accruing interest | | This entire amount was reduced to a money judgment and filed with the Suffolk County Clerk on December 2, 1996 and has been accumulating statutory interest at a rate of nine (9%) per annum (Complaint ¶ 5). |
| | $2,400 | Retroactive maintenance |
| | $2,000 | Counsel fees stemming from a *Pendente Lite* support order |
| | $2,000 | An alleged "contribution to the marriage" stemming from credit card debts from the marriage prior to October 1994 |
| $39,000 | | The total maintenance payments of $150 per week for five years, as awarded to the plaintiff by virtue of the Judgment of Divorce (Complaint ¶ 6). |
| $5,000 | | From any proceeds of defendant's sale of a certain property (Complaint ¶ 7). |

Exhibit A of the complaint is a copy of the Findings and Conclusions signed by the Honorable H. Patrick Leis, III, and dated May 20, 1996 (the "State Court Decision"). The State Court Decision states that the five year support obligation was awarded to Nickolas pursuant to the Judgment of Divorce and "that the plaintiff is physically unable to return to her previous occupation, and will require maintenance in the sum of $150.00 per week for a period of five years from the date of this judgment in order to support herself and assist her to become self-supportive in the future." Further, the Court found "that the plaintiff has made contribution to the marital property during the course of the marriage and thereupon ... defendant shall pay the sum of $5,000 to the plaintiff representing the monies paid by the plaintiff and the plaintiff's parents to keep this property from being foreclosed." In addition, the Court found that Boccio shall pay to Nickolas "the sum of $2,400 for maintenance retroactively for the period of July 17, 1995 through November 16, 1995, and counsel fees in the sum of $2,000, together for a total of $4,400 and that the defendant shall be responsible for all credit card debts incurred prior to October of 1994."

The Complaint, Summons, and Notice of Pre-trial Conference were properly served upon the Debtor.

On December 3, 2001 a pre-trial conference was held before this Court. Both the Debtor and plaintiff's counsel appeared. The Debtor appeared *pro se*. Boccio acknowledged that he had received but had not answered the complaint. The Court extended the time within which Boccio could file an answer to the complaint and also adjourned the pre-trial conference to January 16, 2002. This was to provide the Debtor an opportunity to retain counsel, if he so chose, as well as file and serve his responsive pleading.

The Debtor failed to appear at the pre-trial conference held on January 16, 2002. The plaintiff's attorney informed the Court that he had not received an answer to the complaint, nor been contacted by the Debtor or any new counsel on his behalf. No answer was filed with the Court.

Accordingly, Nickolas filed the pending motion on January 23, 2002. The motion was served upon the Debtor on January 28, 2002. No opposition has been filed by the Debtor with respect to the relief requested.

## DISCUSSION

### Default Judgment

The basic rules governing adversary proceedings are easily stated. Adversary proceedings themselves are governed by Part VII of the Rules and are commenced by complaint [FRBP 7003], which may be served by first class mail [FRBP 7004(b)]. The summons must be served within 10 days of issuance [FRBP 7004(f)]. In turn, the complaint must be answered within thirty days after the summons [FRBP 7012(a)]. Adversary proceedings include those seeking "to determine the dischargeability of a debt" [Rule 7001] and those seeking a declaratory judgment relating to such dischargeability. *Id.*

Fed.R.Civ.P. 55(b), made applicable in bankruptcy proceedings by Fed. R.Bankr.P. 7055, provides in relevant part:

Judgment by default may be entered as follows: ... If the party against whom judgment by default is sought has appeared in the action, the party ... shall be served with written notice of the application for judgment at least three days prior to the hearing on such application. If, in order to enable the court to enter judgment or carry it into effect, it is necessary to ... establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings ... as it deems necessary and proper ... Fed. R.Civ.P. 55(b)

In the Second Circuit, "for the purposes of Rule 55, as applicable under Bankruptcy Rule 7055, we hold that a debtor named as a defendant in an adversary proceeding in his own bankruptcy case is always deemed to have 'appeared' in the adversary proceeding so as to require notice of a motion for a default judgment." *In re Emmerling*, 223 B.R. 860, 867 (2nd Cir. BAP 1997). This procedure was properly followed in this case, and Boccio received notice of the plaintiff's motion for default judgment and an opportunity to respond to it.

Nonetheless, "entry of default does not entitle the non-defaulting party to a default judgment as a matter of right." *In re Villegas*, 132 B.R. 742, 746 (9th Cir. BAP 1991). "The general rule is that upon default, factual allegations of a complaint will be taken as true." *Id.* at 746 n. 5; *In re Goycochea*, 192 B.R. 847, 847 (Bankr.D.Md.1996) ("because the debtor failed to answer, the facts (but not conclusions) are assumed by this court to be true for purposes of the request").

### Plaintiff's Claim

Section 523(a)(5)(B) of the United States Bankruptcy Code states in relevant part:

"A discharge under Section 727 ... of this title does not discharge an individual debtor any debt ... to a spouse, former spouse, or a child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that ... such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support." 11 U.S.C. 523(a)(5)(B).

■ Turning to the State Court Decision, it is clear that the $39,000 that was awarded for post-divorce maintenance falls within the provisions of § 523(a)(5) and is therefore non-dischargeable. The $39,000 represent monies that were described as maintenance payments and there is nothing to dispute this categorization.

According to the State Court Decision, the sum of $6,400 amount represents a money judgment awarded to Nickolas in 1996. It is comprised of $2,400 for retroactive maintenance, $2,000 for counsel fees, $2,000 for "contribution to the marriage" and statutory interest. Each component must each be examined separately to determine dischargeability.

■ Similar to the $39,000 award, the $2,400 award for retroactive maintenance is clearly non-dischargeable under § 523(a)(5). Further, the $2,000 in counsel fees paid for Nickolas's attorney is also non-dischargeable as it is in the nature of support. *See In re Spong,* 661 F.2d 6, 9 (2d Cir.1981) ("an award of attorney's fees may be essential to a spouse's ability to sue or defend a matrimonial action and thus a necessary under the law").

■ Lastly, the statutory interest that has been accruing from the time of the money judgment to the present, including the post-petition period, is also nondischargeable. As a general rule, creditors are barred from claiming post-petition interest from the bankruptcy estate. 11 U.S.C. § 502(b)(2). However, the Supreme Court has distinguished between the denial of post-petition interest against the bankruptcy *estate* on a non-dischargeable debt and the accrual of interest on a non-dischargeable debt to be collected from the *debtor* after the bankruptcy proceeding is complete. *Bruning v. United States,* 376 U.S. 358, 362–63, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964). This reasoning has been applied to other types of non-dischargeable debts. *See, e.g., In re Fullmer,* 962 F.2d 1463, 1468 (10th Cir.1992) (applying *Bruning* to post-petition interest on a non-dischargeable tax penalty); *In re Brace,* 131 B.R. 612, 613–14 (Bankr. W.D.Mich.1991) (holding that post-petition interest accrues on debt that is non-dischargeable for fraudulent misrepresentation). Therefore, under the decision in *Bruning,* the Debtor is responsible for paying post-petition statutory interest on those debts declared non-dischargeable pursuant to § 523(a)(5). *See In re Foross,* 242 B.R. 692, 694 (9th Cir. BAP 1999) (holding that accrued post-petition interest on non-dischargeable debt for a child support obligation survives discharge).

■ Finally, Nickolas also seeks $2,000 for so-called "contribution to the marriage" and $5,000 for the sale of certain property. She contends in her Application that these debts are non-dischargeable. Nickolas's only basis for this claim is that the defendant's failure to rebut the presumption of

non-dischargeability makes it so. To the contrary, as a general rule, marital property settlements are dischargeable. *See In re Donahue,* 862 F.2d 259, 262 (10th Cir. 1988); *In re Coil,* 680 F.2d 1170, 1171 (7th Cir.1982). Plaintiff has offered no statutory basis, nor any factual allegations that the two debts are in the nature of alimony, maintenance or support, as required by § 523(a)(5). Therefore, default judgment cannot be entered with respect to those two unsubstantiated claims.

## CONCLUSION

For all these reasons, the Court grants entry of a default judgment as against the debtor/defendant for the following relief:

(a) the sum of $39,000 for past due maintenance is declared non-dischargeable pursuant to 11 U.S.C. § 523(a)(5);

(b) the sum of $4,400, together with statutory interest that has accrued thereon since December 2, 1996 is declared non-dischargeable pursuant to 11 U.S.C. § 523(a)(5); and

(c) the sum of $7,000 is declared dischargeable.

A separate judgment consistent with this Decision is entered on this date.

**It is SO ORDERED.**