Elizabeth Soll **BRODSKY**, petitioner, Respondent,

v.

Joseph Alan **BRODSKY**, Appellant,

and

Nancy L. Ponto, Intervenor.

No. A06–736.

Court of Appeals of Minnesota.

May 29, 2007.

Ralph V. Mitchell, Jr., Jeffrey A. Timmerman, Lapp, Libra, Thomson, Stoebner & Pusch, Chartered, Minneapolis, MN for respondent.

Robert E. Kuderer, Stacey A. Nilsen, Johnson & Condon, P.A., Minneapolis, MN for appellant.

Considered and decided by SHUMAKER, Presiding Judge, KLAPHAKE, Judge, and WILLIS, Judge.

## OPINION

KLAPHAKE, Judge.

This appeal involves appellant Joseph Brodsky's challenges to the district court's rulings on respondent Elizabeth Soll Brodsky's attempts to enforce a 1997 dissolution judgment. In particular, appellant challenges the grant of conduct-based attorney fees to respondent for amounts she incurred during enforcement proceedings that were ancillary to the dissolution. Appellant also challenges the grant of prejudgment interest to respondent on the amount she paid in partial satisfaction of one of appellant's nonmarital debts.

Because the record shows that the ancillary proceedings were sufficiently related to the dissolution proceeding, that respondent's participation in the ancillary proceedings was necessary to protect interests awarded to her in the dissolution, and that appellant's conduct in the ancillary proceedings supports an award of conduct-based attorney fees, we affirm the award of attorney fees. Because the award of prejudgment interest was necessary to protect the integrity of the dissolution judgment, we affirm the grant of prejudgment interest, and because appellant has not shown that the district court otherwise abused its discretion, we affirm the district court's other rulings. We finally grant respondent's motion to strike.

## FACTS

The parties' 1997 dissolution judgment directed appellant to pay $62,822.64 in conduct-based attorney fees and awarded respondent property in lieu of maintenance, including the parties' 50 percent interest in a real-estate partnership. The judgment also divided the marital property, directed appellant to account for certain investment accounts, and ordered appellant to pay certain debts, including a debt to the Northeast State Bank that the district court found was appellant's nonmarital obligation.

Appellant thereafter failed to satisfy his obligations under the judgment and filed bankruptcy. His parents, who owned the other 50 percent of the real-estate partnership, allowed appellant to become involved in the running of the partnership. Because appellant's operation of the partnership was hostile to respondent, her attorney, Nancy Ponto, sought to dissolve the partnership and sell certain of its properties to allow respondent to access the equity therein. Ponto also filed adversary proceedings in appellant's bankruptcy to protect what had been awarded to respondent in the dissolution and to protect the fees owed to her.

Ponto further sought to recover her unpaid fees from respondent by filing attorney liens on property awarded to respondent in the judgment. Respondent, who had by then terminated her relationship with Ponto and had retained new counsel, disputed both the amount of fees owed and the validity of the attorney liens. Ponto also intervened in the dissolution proceeding seeking to protect her interests; the district court ruled for respondent, this court reversed and remanded, the district court again ruled for respondent, and this court again reversed. *See Brodsky v. Ponto*, 2000 WL 890416, No. C9–99–1693 (Minn.App. July 3, 2000) (*Brodsky I* ); *Brodsky v. Brodsky*, 639 N.W.2d 386 (Minn.App.2002), *review denied* (Minn. Apr. 23, 2002) (*Brodsky II* ).

In appellant's bankruptcy, the court declined to address whether appellant's obligations under the dissolution judgment were dischargeable. Respondent brought a motion in district court to prevent appellant from discharging $73,576.15, plus interest, that respondent owed Ponto; $25,000, plus interest, that respondent had paid on appellant's nonmarital Northeast State Bank debt; the amount that appellant owed to respondent on the balance of the accounts awarded to her in the dissolution; and $109,844.67 in attorney fees and costs incurred by respondent in pursuing these awards. Appellant admitted that the obligations imposed on him in the dissolution judgment were nondischargeable but opposed letting respondent recover any amount not awarded in the dissolution judgment.

At the hearing on respondent's motion, the district court twice asked appellant's attorney to address respondent's claims, particularly her claims for attorney fees. After appellant made no post-hearing submissions, the district court issued a December 12, 2005 order awarding respondent $25,000, plus interest, for her payment of appellant's Northeast State Bank debt; $23,134, plus interest, for the accounts enumerated in the judgment; $94,651.69 in post-judgment attorney fees; and interest on the attorney fees awarded in the judgment.

Appellant thereafter sought relief from the December 12 order. His motion was supported by affidavits, an exhibit, and a memorandum in which he sought amended findings, a new trial, or summary judgment. After a hearing, the district court issued a May 1, 2006 order and memorandum striking appellant's affidavits and exhibit as not properly before the court. The district court also ruled that appellant's motion was procedurally improper because new evidence is not permitted in a motion for amended findings, because the lack of a trial meant there could be no "new" trial, and because appellant's motion was functionally a motion for reconsideration, which is prohibited "except by express permission of the court" under Minn. R. Gen. Pract. 115.11.

On appeal here, appellant's brief includes the materials stricken by the district court. Respondent's motion to strike these materials has been deferred to this panel.

## ISSUES

1. Did the district court abuse its discretion by awarding respondent attorney fees?

2. Does the doctrine of laches preclude respondent's claim to recover certain funds appellant allegedly disbursed from certain accounts?

3. Did the district court err by awarding respondent prejudgment interest?

4. Did the district court abuse its discretion by denying appellant's motion for amended findings or a new trial?

5. Should we grant respondent's motion to strike?

## ANALYSIS

### I.

The district court awarded respondent a total of $94,651.69 in post-judgment, conduct-based attorney fees, including $52,214.50 billed in connection with respondent's representation in her attorney-fee dispute with Ponto and in appellant's bankruptcy, $22,386.19 for post-judgment matters billed by Ponto, most of which were incurred in ancillary proceedings involving dissolution of the real-estate partnership, and an additional $20,051 billed by a third attorney for defending respondent

against Ponto's claim for unpaid attorney fees. Appellant challenges these awards.

■ In proceedings "under" chapter 518, a district court may, "in its discretion," award attorney fees "against a party who unreasonably contributes to the length or expense of the proceeding." Minn.Stat. § 518.14, subd. 1 (2006). An award of conduct-based attorney fees is reviewed for an abuse of discretion. *Sharp v. Bilbro*, 614 N.W.2d 260, 264 (Minn.App.2000), *review denied* (Minn. Sept. 26, 2000). Conduct occurring outside the litigation process cannot support an award of conduct-based attorney fees, but if an award of conduct-based fees is proper, it may be made regardless of the recipient's need or the payor's ability to pay. *Geske v. Marcolina*, 624 N.W.2d 813, 818, 819 (Minn.App.2001).

*Attorney Fee Dispute*

■ Appellant argues that the award to respondent of attorney fees for the litigation of her attorney-fee dispute with Ponto was improper because respondent did not incur these fees in the marital dissolution. We disagree. Respondent's attorney-fee dispute was litigated in the dissolution proceeding: the prior appeals in this matter both involved respondent's attorney-fee dispute, and both appeals named Ponto as an intervenor in the dissolution. *Brodsky II*, 639 N.W.2d at 392–93; *Brodsky I*, 2000 WL 890416, at *5.

■ Appellant also argues that the fee award is improper because the fees were not necessary to "carry on or contest" the dissolution. Minn.Stat. § 518.14, subd. 1. Again, we disagree. A finding that the award is necessary to "carry on or contest" the proceeding, is required for a need-based award, not for a conduct-based award of fees. *Id.*

Appellant next argues that the argument made by respondent in her fee dispute was frivolous, and that he should not have to finance frivolous litigation. In support of his argument, he cites the following language from *Brodsky II:*

> [Respondent] could not reasonably have believed that her obligation to pay Ponto was transferable [to appellant]. She testified that she read Ponto's representation agreement and had it reviewed by a retired attorney. It provides
>
> > [T]he court may order your spouse to pay part or all of your fees and out-of-pocket expenses. Court orders requiring payment on your behalf of fees and expenses will not affect our Agreement and do not in any way limit the amount of fees. You are primarily liable for payment of your total bill with us and will be expected to pay according to the terms of this Agreement.
>
> [Respondent] also testified that Ponto had told her that she was responsible for the total bill.

*Id.*, 639 N.W.2d at 393.

While respondent did not prevail in her dispute with Ponto, her argument was not clearly frivolous. Before *Brodsky II* resolved the fee question against respondent, the district court had twice ruled in her favor, and this court remanded the question once because of the lack of a full record. *See Brodsky I*, 2000 WL 890416, at *5–6. Moreover, appellant's conduct during the dissolution necessitated the fee award, and his subsequent refusals to pay that award forced Ponto to seek payment from respondent and for respondent to dispute that payment. Thus, respondent's fees would not have been incurred had appellant either not acted in bad faith or if he had timely paid his obligations under the judgment. We therefore reject appellant's argument that he should not have to

pay the attorney fees, which were incurred solely because of his conduct.

Appellant further argues that respondent should have avoided the fee dispute with Ponto by paying the fees. While this would have allowed respondent to avoid the liens Ponto placed on property awarded to respondent under the judgment, it would have required respondent to liquidate property awarded to her in lieu of maintenance. Appellant essentially argues that respondent should have used what was awarded to her in lieu of maintenance to pay attorney fees caused by him and for which he was responsible, a clear example of conduct that contributes to the length and cost of a proceeding. Enforcement proceedings can be a basis for a conduct-based fee award. *See Kronick v. Kronick,* 482 N.W.2d at 533, 536 (Minn.App.1992).

*Bankruptcy Fees and Dissolution of Partnership*

■■■ The district court awarded respondent attorney fees both for the intervention in appellant's bankruptcy and the dissolution of the real-estate partnership. Appellant argues that these awards are inappropriate because they were not incurred in the marital dissolution. Questions of statutory interpretation and of the application of a statute to undisputed facts are questions of law this court reviews de novo. *Nash v. Wollan,* 656 N.W.2d 585, 589 (Minn.App.2003), *review denied* (Minn. Apr. 29, 2003); *Dachtera v. Whitehouse,* 609 N.W.2d 248, 249 (Minn.App.2000).

While appellant's bankruptcy and the partnership dissolution were ancillary to the marital dissolution, this fact, by itself, does not render the fee awards improper. A categorical prohibition on awards of attorney fees that a party may incur in proceedings ancillary to the dissolution would undercut Minn.Stat. § 518.14, subd. 1, which allows an award of fees for conduct that frustrates, delays, or increases the costs of a dissolution. Nevertheless, the critical question is whether the ancillary proceedings are legitimate or merely pretextual.

■■■ Thus, for fees incurred in an ancillary proceeding to be the subject of a viable motion for conduct-based attorney fees under Minn.Stat. § 518.14, subd. 1, several criteria must exist: (1) the ancillary proceeding must be sufficiently related to the marital dissolution to be more than merely coincidental; (2) the fees in the ancillary proceeding must be necessary to protect some interest awarded to the fee-seeking party in the dissolution; and (3) the potential obligor's conduct in the ancillary proceeding must be conduct that, if it occurred in the dissolution, would satisfy the requirements for a conduct-based fee award under Minn.Stat. § 518.14, subd. 1. The district court must make findings to explain an award of conduct-based attorney fees, whether in the dissolution proceedings or in a legitimate ancillary proceeding.

Here, the district court's findings are adequate to support its decision to deem the relevant portions of appellant's bankruptcy and the partnership dissolution to be legitimately related to the dissolution. The findings are also sufficient to support its determinations regarding the necessity of respondent's participation in those ancillary proceedings and appellant's conduct therein.

Moreover, the record supports those findings. The record shows that respondent was legitimately concerned about the impact of appellant's bankruptcy obligations on her. And the memorandum accompanying the district court's May 1, 2006 order recognizes that the dissolution judgment awarded respondent the interest in the partnership as "a form of maintenance," states that appellant did not re-

spond to respondent's allegations about his conduct, and concludes that the fees respondent incurred in the dissolution of the partnership were "properly awarded to [respondent] as necessary to enforcement of the maintenance order." On this record, we will not reverse the award of attorney fees to respondent for her participation in appellant's bankruptcy and the dissolution of the real estate partnership.

## II.

Respondent sought the balance of the investment accounts awarded to her in the dissolution. By affidavit, appellant claimed that he satisfied this obligation in June 1997. At the hearing on respondent's motion, appellant's attorney stated: "So, we've sat on this case for over eight years now, and now [respondent has] decided that she doesn't have [the funds from the accounts]. That's, ahmm—That's laches. It's laches and it's bad faith." Laches was not otherwise presented to the district court, and the court awarded respondent the funds without explicitly addressing laches. Appellant argues that the district court should have addressed laches.

The district court's failure to address an issue raised only in a conclusory fashion and without supporting affidavits, or testimony, or argument is not error. *Cf. Balder v. Haley,* 399 N.W.2d 77, 80 (Minn.1987) (noting argument is waived if not briefed). We will not address an issue not properly raised before the district court. *See Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988) (stating appellate court generally address only issues presented to and considered by the district court). In any event, we note that an implicit rejection of appellant's laches argument is consistent with the district's court findings on appellant's other bad-faith conduct in this case. *Cf. Froats v.*

*Froats,* 415 N.W.2d 445, 447 (Minn.App. 1987) (unclean hands precludes laches).

## III.

The dissolution judgment ruled that the debt to Northeast State Bank, a mortgage on the home occupied by respondent and the children, was not part of the marital estate. The court ordered appellant to pay the debt, on which respondent had paid $25,000, by May 2, 1999. The district court awarded respondent prejudgment interest as of May 2, 1999 on the amounts she had paid, and appellant challenges this award.

Noting that respondent did not start an action or give notice of a claim on May 2, 1999, appellant argues that the prejudgment interest statute does not apply here because pre-award interest on pecuniary damages is generally available only from the earlier of "commencement of the action or a demand for arbitration, or the time of a written notice of claim[.]" Minn.Stat. § 549.09, subd. 1(b) (2006). District courts may implement judgments in the manner necessary to effectuate their purpose if doing so does not alter the parties' rights, however. *See Potter v. Potter,* 471 N.W.2d 113, 114 (Minn.App. 1991). Because the judgment recognized that respondent, as of 1997, was not responsible for the debt, the failure to award her interest on the payments made would alter her rights under the judgment. *Cf. Thomas v. Thomas,* 407 N.W.2d 124, 127 (Minn.App.1987) (when court delays payment of property settlement or allows payment over time, it must require payment of interest or explain why it did not do so).

Appellant also argues that his obligation to pay the debt was part of the property division and unable to be modified by the award of interest. *See* Minn.Stat. § 518A.39, subd. 2(f) (2006) (reciting final nature of property awards). But because

the judgment merely recognized that the debt was appellant's nonmarital obligation, awarding respondent interest does not alter the division of marital property.

■■■ Appellant also makes the otherwise unsupported assertion that awarding interest retroactively circumvented the automatic bankruptcy stay. A party who inadequately briefs an argument waives that argument. *Dep't of Labor & Indus. v. Wintz Parcel Drivers, Inc.*, 558 N.W.2d 480, 480 (Minn.1997). In certain circumstances, interest on debts that are not dischargeable in bankruptcy are recoverable from a bankruptcy debtor. *In re Boccio*, 281 B.R. 171, 175 (Bankr.E.D.N.Y. 2002). For these reasons, we affirm the award of prejudgment interest.

## IV.

Appellant moved for amended findings and submitted new affidavits and an exhibit in support of his motion. The district court stated that appellant's reliance on these materials made his motion one to reconsider rather than for amended findings. Because appellant had not obtained permission to move for reconsideration, the district court struck the affidavits and exhibit, and ruled that whatever the nature of appellant's motion, it was procedurally inappropriate, and denied relief. *See* Minn. R. Civ.App. P. 115.11.

Appellant argues that respondent's motion prompting the December 12 order presented only the issues of whether appellant's Northeast State Bank debt and his attorney fee sanction were dischargeable in bankruptcy, and that the district court erred in issuing an order going beyond these questions without allowing him to enter evidence. At the hearing, the district court sought submissions from appellant regarding respondent's attorney fee assertions and her property-in-lieu-of-maintenance arguments. When appellant

did not respond, the district court issued the December 12 order. Thus, the December 12 order, from which appellant sought relief, was prompted in significant part by his failure to respond to the district court's requests for information and did not constitute an abuse of discretion. *See Preferred Fin. Corp. v. Quality Homes, Inc.*, 439 N.W.2d 741, 743 (Minn. App.1989) (stating district court's denial of the parties' motions for amended findings or a new trial will not be disturbed on appeal absent a clear abuse of discretion).

We reject any claim that appellant was unaware of the relief respondent sought in her motion. Respondent's amended motion asked the district court to declare nondischargeable appellant's obligations to pay the attorney fees and interest respondent owed her former attorney, the Northeast State Bank debt "plus accrued interest[,]" the balance of accounts awarded respondent in the judgment, and the attorney fees incurred in enforcing these obligations.

## V.

■■■ Appellant included stricken materials in the appendix to his brief and based some of his arguments on those materials. Respondent moves to strike these materials and appellant's references to them in his appellate brief. The record on appeal is defined by Minn. R. Civ.App. P. 110.01 and does not include materials stricken by the district court. "Appellate courts may not consider matters outside the record on appeal and will strike references to such matters from the parties' briefs." *Stageberg v. Stageberg*, 695 N.W.2d 609, 613 (Minn.App.2005) (quotation omitted), *review denied* (Minn. July 19, 2005). While appellant argues that the materials are part of the record because the district court cannot strike materials without submitting its ruling for review,

appellant did not challenge the district court's ruling striking the materials. Therefore, appellant waived his right to challenge this issue, and we grant respondent's motion to strike. *See Balder*, 399 N.W.2d at 80.

## DECISION

Respondent's attorney fee dispute with her former attorney was litigated in the parties' marital dissolution proceeding. Also, the record shows that the relationship of the ancillary proceedings of appellant's bankruptcy and the dissolution of the real-estate partnership to the parties' marital dissolution is not merely coincidental, that respondent's participation in those ancillary proceedings was necessary to protect interests awarded in the marital dissolution, and that appellant's conduct in the ancillary proceedings justifies an award of conduct-based attorney fees. Therefore, we affirm the district court's attorney fee award. Appellant's laches argument was not properly before the district court, is not properly before this court, and we do not address it. Because the award to respondent of prejudgment interest was necessary to protect the integrity of the dissolution judgment, we affirm that award. Also, because appellant's motion for relief from the December 12, 2005 order was procedurally defective, we affirm the district court's denial of that motion. Finally, we grant respondent's motion to strike.

**Affirmed; motion granted.**