*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1249**

In re the Marriage of:
Elizabeth Mary Ferguson, petitioner,
Appellant,

vs.

Bradley Alan Ferguson,
Respondent.

**Filed August 1, 2016
Affirmed in part, reversed in part, and remanded
Peterson, Judge**

Carver County District Court
File No. 10-FA-13-383

Susan M. Lach, John M. Jerabek, Tuft & Lach, PLLC, Maplewood, Minnesota (for appellant)

Jane Van Valkenburg, Dove Fretland & Van Valkenburg PLLP, Minneapolis, Minnesota (for respondent)

Considered and decided by Bjorkman, Presiding Judge; Peterson, Judge; and Rodenberg, Judge.

**U N P U B L I S H E D   O P I N I O N**

**PETERSON**, Judge

In this marriage-dissolution proceeding, appellant wife argues that the district court erred when it (1) admitted into evidence agreements reached during an Early Neutral Evaluation process, (2) ordered a spousal-maintenance award that divests the district court

of jurisdiction to modify the award, and (3) included terms in the judgment and decree that were not included in the parties' stipulations. Wife also argues that the district court's findings are insufficient to support its attorney-fee award. We affirm in part, reverse in part, and remand.

**FACTS**

Appellant-wife Elizabeth Mary Ferguson and respondent-husband Bradley Alan Ferguson were married in 1993 and are the parents of two minor children. Wife began this marriage-dissolution action in 2013. The parties agreed to participate in Financial Early Neutral Evaluation (FENE). Each party was represented by an attorney.

Between November 15, 2013, and April 10, 2014, the parties participated in several FENE sessions with an evaluator. During a session on January 27, 2014, the parties reached an agreement and signed a document. Above the parties' signature lines, the document states: "I AGREE TO BE BOUND BY THIS AGREEMENT. I HAVE HAD AN ADEQUATE OPPORTUNITY TO CONSULT WITH MY ATTORNEY." The document also states that an "attached spreadsheet represents the just and equitable division of the parties' marital estate."

During an FENE session on April 10, 2014, the parties signed a hand-written document that addresses the award of proceeds upon a future sale of their homestead, child support, spousal maintenance, and other issues. In part, the document states:

$3000 x 5 yrs sm[1]   Start May 1, 2014

---

[1] We understand that "sm" is an abbreviation for "spousal maintenance."

2

GLCS[2] ≈ $1635, modified upon emancipation (estimated only)

W[ife] awarded 100% of house proceeds
. . .

W[ife] pays all home expenses pending sale.
. . .
Karon Waiver – no modification of sm for amount or duration during 5 yr period, except death or W[ife] remarriage

Wife hired a new attorney, and, on June 4, 2014, the new attorney sent husband's attorney a letter requesting documentation tracing $1,054,747 in proceeds from a 2010 sale of Cypress Semiconductor[3] stock, a release signed by husband allowing wife to obtain documentation of all stock and stock options received and exercised by husband since his date of employment, all attachments to the 2009-2012 tax returns, probate documents showing the values of rental properties when husband inherited the properties, documentation regarding work done on and improvements to the rental properties during the marriage, profit-and-loss statements for the rental properties for the preceding three years, passwords for protected computer files, and copies of retirement statements. Husband's attorney provided some of the requested information, noting that it had already been provided to wife's previous attorney. Husband's attorney declined wife's attorney's request for additional information, noting that the issues wife was raising had been addressed and agreed on during the FENE process.

On July 23, 2014, husband filed a motion to enforce the January 27 and April 10,

---

[2] Wife's attorney testified that "GLCS" is an abbreviation for "guideline child support."
[3] Cypress Semiconductor was husband's employer.

2014 agreements and attached to his motion a proposed judgment and decree. On July 24, 2014, wife filed a motion containing several requests for relief. Following a motion hearing, the district court scheduled an evidentiary hearing for September 11 and 12, 2014. The court identified the issues to be addressed as

> 1) alleged misrepresentation, fraud, duress, and violations of confidentiality prior to the execution of the two (2) mediated and signed agreements; 2) competency of counsel and whether extensive and meaningful negotiations occurred prior to the execution of the (2) mediated and signed agreements; 3) whether the proposed Judgment and Decree comports with the two (2) mediated and signed agreements; and 4) whether the proposed Judgment and Decree is substantially fair under the circumstances of this case.

Following the evidentiary hearing, by order filed December 16, 2014, the district court found that the mediated agreements signed by the parties on January 27 and April 10 are enforceable and binding on the parties. Because the proposed judgment and decree that husband attached to his motion took into consideration events that occurred after the January 27 and April 10 agreements were signed, the district court directed counsel to provide a document that detailed only the agreements that the parties signed during the FENE process and any additional provisions that the parties agreed upon. The district court also granted husband $7,500 in conduct-based attorney fees.

On March 13, 2015, the district court filed a partial stipulated findings of fact, conclusions of law, and order that incorporated the agreements reached by the parties on January 27 and April 10. On June 1, 2015, the district court filed a supplemental findings of fact, conclusions of law, and order that incorporated the March 13 order and addressed

4

the remaining issues in the dissolution. A final judgment was entered on July 14, 2015. Wife appeals.

**D E C I S I O N**

**I.**

Citing Minn. R. Gen. Pract. 114.08(a), wife argues that the district court erred during the hearing on husband's motion to enforce the stipulations when the court admitted into evidence the January 27 and April 10 agreements that resulted from the FENE process. "We review the construction and application of procedural rules de novo." *Contractors Edge, Inc. v. City of Mankato*, 863 N.W.2d 765, 768 (Minn. 2015).

Minn. R. Gen. Pract. 114.08(a) states:

> Without the consent of all parties and an order of the court, or except as provided in Rule 114.09(e)(4),[4] no evidence that there has been an ADR proceeding or any fact concerning the proceeding may be admitted in a *trial de novo* or in any *subsequent proceeding* involving any of the issues or parties to the proceeding.

(Emphasis added.) We conclude that the district court did not err in admitting the stipulations because the hearing on husband's motion was not a trial de novo and "subsequent proceeding" cannot be interpreted to include the hearing on husband's motion.

With limited exceptions that do not apply to this case, "[a]ll family law matters in district court are subject to Alternative Dispute Resolution (ADR) processes as established

---

[4] Rule 114.09(e)(4) applies when a party seeks to vacate a judgment entered pursuant to an arbitration award.

5

in [Minn. R. Gen. Pract.] 114." Minn. R. Gen. Pract. 310.01(a). ADR processes[5] include

Early Neutral Evaluation (ENE), which is defined in rule 114 as

> [a] forum in which attorneys present the core of the dispute to a neutral evaluator in the presence of the parties. This occurs after the case is filed but before discovery is conducted. The neutral then gives an assessment of the strengths and weaknesses of the case. *If settlement does not result*, the neutral helps narrow the dispute and suggests guidelines for managing discovery.

Minn. R. Gen. Pract. 114.02(a)(4) (emphasis added).

During the parties' FENE sessions, several issues, including child support, maintenance, and division of property, were presented to the evaluator, and the parties signed documents that addressed some of the issues that were presented. Husband considered these documents to be stipulations regarding the issues they addressed, and he brought a motion to enforce the stipulations.

The hearing on husband's motion was not a trial de novo. A trial de novo is "[a] new trial on the entire case – that is, on both questions of fact and issues of law – conducted as if there had been no trial in the first instance." *Black's Law Dictionary* 1737 (10th ed. 2014) (defining trial de novo). At the hearing on husband's motion, the issues presented to the district court were whether the parties entered into stipulations and, if they did, what were the terms of the stipulations; the district court was not asked to make decisions regarding the underlying issues that were presented to the evaluator. Furthermore, the

---

[5] We note that the definitions in Minn. R. Gen. Pract. 114.02(a) include a definition for "ADR Processes," but Minn. R. Gen. Pract. 114.08(a) refers to an "ADR proceeding."

FENE process was not a trial. The evaluator did not decide questions of fact or issues of law. Instead, under rule 114.02(a)(4), the evaluator's role was to "give[] an assessment of the strengths and weaknesses of the case."

The hearing on husband's motion was also not a "subsequent proceeding." The language emphasized above in the rule 114.02(a)(4) definition of "Early Neutral Evaluation" demonstrates that settlement may be the result of an ENE. It would undermine the ENE process if no evidence of any settlement reached in an ENE process could be admitted into evidence at a later hearing in a dissolution proceeding. A stipulation produced in an ENE could not be enforced if the stipulation could not be presented to the district court.

## II.

Wife argues that the district court erred in ordering a spousal-maintenance award that divests the court of jurisdiction to modify the award when the agreement reached during the FENE process did not contain (1) an express divestiture of jurisdiction, (2) an acknowledgment that there was a full disclosure of assets, and (3) an expression of the consideration for the divestiture. "[T]he interpretation of statutes and stipulations in dissolution judgments are questions of law, which we review de novo." *Gracheck v. Gracheck*, 750 N.W.2d 328, 331 (Minn. App. 2008), *review denied* (Minn. Aug. 19, 2008).

In a marriage dissolution,

> [t]he parties may expressly preclude or limit modification of maintenance through a stipulation, if the court makes specific findings that the stipulation is fair and equitable, is supported

7

by consideration described in the findings, and that full disclosure of each party's financial circumstances has occurred. The stipulation must be made a part of the judgment and decree.

Minn. Stat. § 518.552, subd. 5 (2014).

The courts are without authority to modify spousal maintenance when parties execute what is commonly called a *Karon* waiver.[6] *Gossman v. Gossman,* 847 N.W.2d 718, 722 (Minn. App. 2014).[7] A *Karon* waiver is more than an agreement between the parties. *Id.* at 724. It divests the court of jurisdiction[8] over spousal maintenance when the following requirements are met:

> 1) the stipulation must include a contractual waiver of the parties' rights to modify maintenance; 2) the stipulation must expressly divest the district court of jurisdiction over maintenance; 3) the stipulation must be incorporated into the final judgment and decree; and 4) the court must make specific findings that the stipulation is fair and equitable, is supported by consideration described in the findings, and that full disclosure of each party's financial circumstances has occurred.

*Butt v. Schmidt,* 747 N.W.2d 566, 573 (Minn. 2008) (quotation and citations omitted); *see* Minn. Stat. § 518.552, subd. 5 (addressing statutorily required elements for a *Karon*

---

[6] *Karon v. Karon*, 435 N.W.2d 501 (Minn. 1989).

[7] We note that after this court filed its opinion in *Gossman*, the legislature amended Minn. Stat. § 518.552, subd. 5 – the statutory provision that codified the *Karon* waiver – to include, among other things, language stating: "The parties may restore the court's authority or jurisdiction to award or modify maintenance through a binding stipulation." 2015 Minn. Laws ch. 30, art. 1, § 8.

[8] The majority in *Karon* referred to the district court divesting itself of jurisdiction. 435 N.W.2d at 503. A dissenting justice described the question as "whether the parties can agree, between themselves, to waive their right to have the court modify agreed-upon maintenance." *Id.* at 508 (Simonett, dissenting). We will use the characterization of the *Karon* majority and refer to the district court divesting itself of jurisdiction.

waiver).  Simply labeling a waiver as a *Karon* waiver does not mean that the waiver is, in fact, a *Karon* waiver.  *Gracheck*, 750 N.W.2d at 333.

Wife argues that the waiver in this case was insufficient to divest the district court of jurisdiction over maintenance.  The hand-written document signed on April 10 states, "Karon Waiver – no modification of sm for amount or duration during 5 yr period except death or W remarriage."  In *Loo v. Loo,* the supreme court concluded that the following waiver provision did not contain express divestiture language:

> That the Petitioner shall pay to the Respondent . . . spousal maintenance . . . for a total period of payment of nine years. After the last of the payments required above, the obligation for spousal maintenance shall terminate irrevocably. Thereafter neither of the parties shall be entitled to [maintenance] then or in the future.

520 N.W.2d 740, 745 (Minn. 1994).  The *Loo* court noted that courts "should not assume that parties specifically bargained to supplant the statutory [maintenance] modification procedure without a clear or express statement divesting the court of jurisdiction" and that "the better approach is to require both a contractual waiver *and* express language divesting the court of jurisdiction."  *Id.* at 745 & n.5 (emphasis added).  Under *Loo*, the mere statement "Karon Waiver" in the parties' agreement is not sufficient to divest the district court of jurisdiction over maintenance.  We conclude, therefore, that the district court erred when it ordered a spousal-maintenance award that divests the court of jurisdiction to modify the award.

Wife also argues that the waiver did not divest the district court of jurisdiction because "[t]he parties did not expressly agree that a full disclosure occurred as part of

9

any alleged stipulation" and the document that the parties signed during the April 10 FENE session "does not specify any consideration for the *Karon* waiver." But, under the plain language of Minn. Stat. § 518.552, subd. 5, and as required by the supreme court in *Butt*, the district court must make findings "that full disclosure of each party's financial circumstances has occurred" and that the parties' stipulation "is supported by consideration described in the findings." There is no requirement that these matters be expressly addressed in the parties' stipulation.

**III.**

Wife argues that the district court improperly adopted husband's proposed findings and that some terms in the dissolution judgment are inconsistent with the parties' stipulations. But, because we have concluded that the district court erred when it ordered a spousal-maintenance award that divests the court of jurisdiction to modify the award, we will not address whether the judgment is otherwise consistent with the parties' stipulations. As the supreme court recognized in *Karon*:

> Normally, stipulations are carefully drawn compromises which affect property distribution, real and personal, as well as future income. One may, for example, give or take certain items in order to have another reduced or eliminated. Setting aside one portion of the stipulation may totally warp the effect of other portions of the document.

*Karon*, 435 N.W.2d at 504.

If the parties intended to waive their statutory rights to seek modification of the maintenance award, our decision to set aside this waiver may totally warp the effect of other portions of the parties' agreement. *See Toughill v. Toughill*, 609 N.W.2d 634, 638

10

n.1 (Minn. App. 2000) (stating that district court may reject all or part of stipulation, but "to the extent that the district court does not accept the stipulation, the parties should not, absent unusual circumstances, be precluded from litigating their claims"). Therefore, we will not consider other portions of the agreement. Instead, we reverse the judgment and remand for further proceedings.

**IV.**

In the December 16 order filed following the hearing on husband's motion to enforce the January 27 and April 10 agreements, the district court awarded husband $7,500 in conduct-based attorney fees. Wife argues that the district court's findings are insufficient to support the fee award and there was no determination regarding either party's ability to pay fees.

A district court may award attorney fees against a party "who unreasonably contributes to the length or expense of the proceeding." Minn. Stat. § 518.14, subd. 1 (2014). The party moving for conduct-based fees has the burden to establish that the adverse party's conduct during the litigation process justifies an award. *Geske v. Marcolina,* 624 N.W.2d 813, 818 (Minn. App. 2001). An award of conduct-based attorney fees is reviewed for an abuse of discretion. *Brodsky v. Brodsky*, 733 N.W.2d 471, 476 (Minn. App. 2007). The district court must make findings to explain an award of conduct-based attorney fees. *Id.* at 477.

The district court found:

> There is no basis for an award of need-based fees. The Court will grant $7,500.00 in conduct-based attorney's fees. The Court is not granting the full $25,000.00 because that would

11

unduly punish [wife] for asserting her rights in this matter. The Court feels assessing approximately 1/3 of [husband's] total attorney's fees incurred is appropriate, however, given the fact [wife] freely went through the FENE process, was adequately represented throughout that process by competent counsel, there is no showing of any fraud, misrepresentation or duress, and [wife] willingly entered into a fully executed stipulation following five FENE sessions with a qualified FENE neutral. [Wife] may genuinely believe that the stipulation she signed off on was unfair in some capacity; however, there is no credible evidence before the Court that would support that belief.

We reject wife's argument that the district court's findings are insufficient because there was no determination regarding either party's ability to pay fees. No finding regarding ability to pay was needed because the district court awarded only conduct-based fees, which may be awarded regardless of the recipient's need for fees and regardless of the payor's ability to pay. *Geske*, 624 N.W.2d at 818.

The district court's findings are otherwise sufficient to explain the basis for the fee award. The findings indicate that wife properly asserted her right to oppose husband's motion because she believed that the agreements were unfair due to fraud, misrepresentation, and duress in the FENE process. But wife failed to produce any credible evidence to support her belief. The failure to produce evidence to support her claims during the hearing was the basis for the attorney-fee award. We, therefore, affirm the conduct-based attorney-fee award.

**Affirmed in part, reversed in part, and remanded.**

12