*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A25-1184**

In Re the Marriage of:

Emily Brasel Brown, petitioner,
Respondent,

vs.

Iyulli Ben Hyyiah Brown,
Appellant.

**Filed April 6, 2026
Affirmed
Reyes, Judge**

Dakota County District Court
File No. 19WS-FA-23-1362

Emily Brasel Brown, West St. Paul, Minnesota (self-represented respondent)

Brian Stanley, RWI Law, PLLC, Minneapolis, Minnesota (for appellant)

Considered and decided by Harris, Presiding Judge; Reyes, Judge; and Bond, Judge.

**NONPRECEDENTIAL OPINION**

**REYES**, Judge

Following marital-dissolution proceedings, appellant-father challenges the district court's business valuation, child-support award, and division of retirement assets. We affirm.

**FACTS**

In December 2023, respondent-mother Emily Brasel Brown petitioned for a dissolution of marriage from appellant-father Iyulli Ben Hyyiah Brown. Mother requested, among other things, child support and all right and title to her business. Both parties filed parenting/financial disclosure statements. *See* Minn. Gen. R. Prac. 305.01.

The district court held a court trial in the dissolution proceeding. At trial, mother testified that she owns a hair-cutting business named "HairEm" for which she rents a chair in a salon. Mother testified that her business does not own any property other than a business checking account, which she uses for all business deposits and expenses, as well as "hair color, a few appliances, and tools, and some decor." When mother offered into evidence a bank statement showing a balance of approximately $2,200 in the business checking account, father objected, asserting: "The valuation of the company [according to] the industry standard is six times [its] annual sales, not the amount of money in the checking account." The district court admitted the bank statement over father's objection.

Following trial, the district court entered a final judgment and decree (J&D). As relevant to this appeal, the J&D ordered father to pay child support, awarded mother "her entire right, title and interest in and to" her business, and divided the value of two of father's retirement accounts between the parties. Father appealed, and this court stayed the appeal pending mediation. Following a mediation-exemption request, we dissolved the stay.

This appeal now proceeds for a determination on the merits.[1]

---

[1] Mother did not file a brief with this court. By order, this court ordered this appeal to proceed pursuant to Minn. R. Civ. App. P. 142.03, which provides that, if the respondent

**DECISION**

Father challenges the district court's (1) business valuation; (2) child-support award; and (3) division of retirement assets. We address each argument in turn.

## I. The district court did not clearly err when valuing mother's business.

Father argues that the district court clearly erred by valuing mother's business based solely on a business checking account without consideration of market value, goodwill, or mother's earning potential. We are not persuaded.

"Determining the specific value of an asset is a finding of fact" that appellate courts review for clear error. *Maurer v. Maurer*, 623 N.W.2d 604, 606 (Minn. 2001). A finding of fact is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been made." *Rasmussen v. Two Harbors Fish Co.*, 832 N.W.2d 790, 797 (Minn. 2013) (quotation omitted).

Generally, appellate courts may consider only issues that were presented to and considered by the district court. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988); *see also Smith v. Kessen*, 996 N.W.2d 581, 590 (Minn. App. 2023) (applying this aspect of *Thiele* to family law case), *rev. denied* (Minn. Jan. 31, 2024). Nor, on appeal, may a party raise an issue that *was* presented to the district court, but argue that issue on a theory not presented to the district court. *Thiele*, 425 N.W.2d at 582.

The district court valued the business checking account based on the account balance listed in the bank statement and found that "[t]he business own[ed] nominal other

_____

does not file and serve a brief, "the case shall be determined on the merits." *See Brown v. Brown*, No. A25-1184 (Minn. App. Dec. 10, 2025).

3

equipment and product as one would find in a salon." The district court then awarded mother the business checking account in addition to "all goodwill, . . . and assets and liabilities of any nature associated [with the business]."

While father raised to the district court the issue of market value by stating that mother's business should be valued at "six times [its] annual sales," he provided no support for this assertion. Because father did not present to the district court any evidence of the business's market value on which it could rely, we conclude that the district court's findings are not clearly erroneous. *See Eisenschenk v. Eisenschenk*, 668 N.W.2d 235, 243 (Minn. App. 2003) ("On appeal, a party cannot complain about a district court's failure to rule in [their] favor when one of the reasons it did not do so is because that party failed to provide the district court with the evidence that would allow the district court to fully address the question."), *rev. denied* (Minn. Nov. 25, 2003).

Regarding the issues of goodwill and earning potential, father did not raise these issues to the district court. We therefore decline to consider them for the first time on appeal.

## II.     Father did not preserve his child-support challenge.

Father argues that the district court abused its discretion because it did not consider his "mental and chemical health circumstances when imputing income for child-support calculation." We are not convinced.

In district court, father testified that he was terminated from his job of 18 years and that his future income could be limited because he did not have a master's degree and would be starting a new job without the same level of seniority. Father neither argued nor

4

provided evidence addressing his mental and chemical health in district court. Father's mental- and chemical-health-based argument to this court on the issue of child support therefore presents a theory that he did not present to the district court. As a result, it is not properly before us, and we decline to address it. *See Thiele*, 425 N.W.2d 582; *Eisenschenk*, 668 N.W.2d at 243.

### III. Father inadequately briefed the issue of retirement assets.

Lastly, father argues that the district court abused its discretion when it divided retirement assets because its order "fail[ed] to provide any account of why it reduced" mother's retirement-asset award by 25%. Father's argument fails.

Appellate courts need not address questions that are inadequately briefed. *See State, Dep't of Lab. & Indus. v. Wintz Parcel Drivers, Inc.*, 558 N.W.2d 480, 480 (Minn. 1997) (declining to review question that was not adequately briefed); *Brodsky v. Brodsky*, 733 N.W.2d 471, 479 (Minn. App. 2007) (applying *Wintz* in family law appeal).

Here, the district court reviewed two of father's retirement accounts, calculated the nonmarital and marital values of each, and then awarded each party a portion of each account.[2] The district court attached a worksheet to its order to explain its calculations. In relevant part, the district court calculated a total value of $85,859.05 for the two accounts, which included a marital value of $81,785.17. The district court awarded mother the full marital value of these accounts "plus/minus market gains and losses." Pursuant to a comment in the worksheet labeled "25% reduction," the district court calculated mother's

---

[2] The J&D mentioned a third retirement account, awarded through a separate domestic-relations order, but the division of that property is not at issue on appeal.

5

final award from these two accounts as $61,338.90. The district court awarded father the full nonmarital share, $4,073.88, without any similar reduction. Other than these awards, the district court awarded father "all right, title, interest and equity . . . in and to" these retirement accounts.

It is unclear why father challenges the reduction of mother's award. Father does not explain what prejudice he suffered by this determination. His argument is therefore insufficient to obtain relief on appeal. *See Loth v. Loth*, 35 N.W.2d 542, 546 (Minn. 1949) (stating appellate courts do not assume district court error); *Luthen v. Luthen*, 596 N.W.2d 278, 283 (Minn. App. 1999) (applying *Loth*); Minn. R. Civ. P. 61 (requiring reviewing court to ignore harmless error); *Hesse v. Hesse*, 778 N.W.2d 98, 105 (Minn. App. 2009) (noting that reviewing courts ignore even prejudicial error when prejudice is de minimis).

In addition, father does not cite any relevant caselaw to support his request to remand the issue for "proper consideration." He relies on two spousal-maintenance cases to argue that an appellate court will "consistently" remand "for abuse of discretion when it finds the district court has failed to make adequate findings." But in the first case, *Tuthill v. Tuthill*, we affirmed the district court's exercise of discretion. 399 N.W.2d 230, 233 (Minn. App. 1987). And in the second case, *Stevens v. Stevens*, we remanded a spousal-maintenance award because the district court "failed to make any of the findings" required by a spousal-maintenance statute. 501 N.W.2d 634, 637 (Minn. App. 1993) (citing Minn. Stat. § 518.552, subd. 2 (1992)). Father does not explain what findings the district court needed to make in the context of dividing retirement assets here, nor what would make

6

those findings "adequate."  Because this issue is inadequately briefed, we decline to address

its merits.  *See Wintz*, 558 N.W.2d at 480; *Brodsky*, 733 N.W.2d at 479.

**Affirmed.**