**In re the Marriage of Craig M. STEVENS, Petitioner, Respondent,**

v.

**Kathleen E. STEVENS, Appellant.**

No. C4–84–2200.

Court of Appeals of Minnesota.

May 7, 1985.

Robert Lewis Barrows, John W. Getsinger, Leonard, Street & Deinard, Minneapolis, for appellant.

Craig M. Stevens, pro se.

Considered and decided by POPOVICH, C.J., and LANSING and HUSPENI, JJ., with oral argument waived.

## OPINION

LANSING, Judge.

Kathleen Stevens appeals from an amended judgment awarding Craig Stevens $450 in attorney's fees. She contends the trial court abused its discretion by awarding attorney's fees without making any findings to support the award. Because respondent Craig Stevens did not file a brief, this matter was determined on the merits under Minn.R.Civ.App.P. 142.03. We affirm.

## FACTS

The parties' marriage was dissolved in December 1983. They were awarded joint legal custody of their two children, and Kathleen Stevens was awarded physical custody. In June 1984 Kathleen Stevens moved for an order allowing her to move to Kansas with the children and for a visitation schedule consistent with the move. Craig Stevens brought a cross-motion opposing the move and seeking a change of custody or, in the alternative, extended visitation rights. He asked for attorney's fees.

The parties later agreed to the move and to a new visitation schedule. They left the questions of modification of child support and attorney's fees for the court. The trial court modified Craig Stevens' child support obligation to reflect the costs of visitation and awarded him $450 in attorney's fees. Kathleen Stevens appeals the award of attorney's fees.

## ISSUE

Did the trial court abuse its discretion by awarding respondent $450 in attorney's fees?

## ANALYSIS

Minn.Stat. § 518.14 (1984), which authorizes the award of attorney's fees in marriage dissolution proceedings, provides in part:

[T]he court, from time to time, after considering the financial resources of both parties, may require one party to pay a reasonable amount necessary to enable the other spouse to carry on or to contest the proceeding, and to pay attorney's fees * * *.

An award of attorney's fees under this statute rests almost entirely within the discretion of the trial court and should not be disturbed absent a clear abuse of that discretion. *Lukanen v. Lukanen,* 357 N.W.2d 380, 383 (Minn.Ct.App.1984).

█ Kathleen Stevens contends the trial court abused its discretion because it failed to make specific findings relating to the parties' needs and financial resources. The statute, however, does not require specific findings. Although the better practice is to make findings in support of an award of attorney's fees, in this case findings are not necessary because the record contains sufficient information about the parties' financial resources and needs to support the trial court's decision.

Craig Stevens submitted a budget estimating his income at $1,100 per month and his fixed expenses at $1,470. Kathleen Stevens said only that she did not intend to work in Kansas and thus would have no income. At the same time, she argued that the move to Kansas was in the children's best interest because she intended to marry the chief financial officer of a company located there, whose income "will provide a higher quality of life." She did not disclose her new husband's income, despite the requirement in Minn.Stat. § 518.64, subd. 2 (1984), that the court shall consider the financial circumstances of each party's spouse on a motion to modify support.

Under the judgment and decree Craig Stevens assumed all the parties' joint debts, amounting to about $8,000. He had other debts totaling $3,600 for child support arrearages and delinquent student loans. He agreed to surrender his $12,500 interest in the homestead in exchange for Kathleen Stevens' interest in a personal injury lawsuit brought to redress severe head injuries he sustained in an automobile accident. He agreed to pay her $2,500 of any settlement and $974 in attorney's fees on the original judgment. Although he was awarded his interest as part-owner of a recently established business called Autumn Valley Archery, it appears that he is no longer working there because child support is currently being withheld from income paid by an automobile dealership in Hopkins. His attorney has withdrawn, and he is not represented in this appeal.

█ Kathleen Stevens acquired the parties' homestead free and clear of any interest on the part of her ex-husband and also received the right to claim exemptions for both children on state and federal tax returns, regardless of the amount of child support paid by Craig Stevens. There is no evidence in the record, except for Kathleen Stevens' allegation in an affidavit, that Craig Stevens has settled the personal injury lawsuit for $41,500. Despite the dissent's reliance on this allegation, Kathleen Stevens does not argue to this court that a personal injury settlement is one of Craig Stevens' financial resources. She argues only that his monthly income exceeds hers, and she does not dispute the estimate he provided of his income. As the appealing party, Kathleen Stevens had the responsibility to order the transcript and demonstrate the trial court's error. When the appellant does not provide the transcript for financial or strategic reasons, and the respondent also fails to make it available, we are confined to the partial record before us.

█ The trial court did not abuse its discretion in finding from the evidence presented that Craig Stevens' financial re-

sources were insufficient to enable him to contest Kathleen Stevens' motion to remove the children from the state. The sum awarded for attorney's fees was reasonable.

## DECISION

The trial court did not abuse its discretion in awarding respondent $450 in attorney's fees.

Affirmed.

POPOVICH, C.J., dissents.

POPOVICH, Chief Judge, dissenting.

We cannot adequately review a trial court's decision to award attorney's fees unless it is supported by clear documentary or testimonial evidence or by findings issued by the court. *Cf. Guetzkow v. Guetzkow*, 358 N.W.2d 719 (Minn.Ct.App.1984). In this case the documentary evidence is not clear, neither party ordered a transcript and there are no findings. I therefore respectfully dissent.

The majority bases its decision on documentary evidence of the parties' needs and financial resources and on assumptions it makes based on this evidence.

The majority assumes Craig Stevens is no longer "working at" Autumn Valley Archery because child support is being withheld from income paid by an automobile dealership. It is just as reasonable to assume his business is still valuable but he is not deriving income from it at present because it is a seasonal business.

The majority chooses to ignore Kathleen Stevens' sworn statement that Craig Stevens received $41,500 net from the personal injury suit because she only argues that Craig Stevens' income exceeds hers. Her argument is inadequate since the legislature directed the trial court to "consider the financial *resources* of both parties." Minn.Stat. § 578.14 (emphasis added). We should not, however, penalize her because of an inadequate argument when her sworn statement is in the record.

By making assumptions based on information in an admittedly partial record, the majority is in effect making findings of fact. The role of fact finding is properly reserved to the trial court. Our role is to review. The documentary evidence in this case is not clear. We cannot determine whether the trial court abused its discretion when it determined that Craig Stevens needed attorney's fees to enable him to carry on or protest the proceeding.

In *In the Marriage of Haynes*, 343 N.W.2d 679, 683 (Minn.Ct.App.1984) we considered whether an award of attorney's fees was a clear abuse of discretion. We noted the trial court's explanation of the award and said that we would prefer a more detailed explanation but affirmed the award after recognizing that the trial court had "lived with this case since its inception." Here, the trial court has not lived with the case since its inception, it did not offer an explanation for the award, and it did not make any findings which would indicate the rationale for the award. Therefore, I would remand for findings which would indicate the basis for the trial court's award.