**In re the Marriage of Marilyn S. KRON-ICK, n/k/a Marilyn S. Herman, Petitioner, Appellant,**

**v.**

**Bruce D. KRONICK, Respondent.**

**No. C7-91-2033.**

Court of Appeals of Minnesota.

April 7, 1992.

Edward L. Winer, Susan C. Rhode, Moss & Barnett, Minneapolis, for appellant.

Gerald M. Singer, St. Louis Park, Edward M. Cohen, Minneapolis, for respondent.

Considered and decided by PARKER, P.J., and CRIPPEN and HARTEN, JJ.

## OPINION

CRIPPEN, Judge.

Appellant disputes denial of her request for sanctions and fees associated with efforts to enforce provisions of a dissolution judgment. We affirm.

## FACTS

The parties' marriage was dissolved in March 1990. The judgment included a provision requiring respondent Bruce Kronick to secure his spousal maintenance obligation by establishing a life insurance policy naming appellant, now Marilyn Herman, as irrevocable beneficiary. In addition, the judgment further required Kronick to pay Herman's attorney fees.

Instead of naming Herman as a beneficiary of an insurance policy, Kronick created an insurance trust that would pay maintenance to Herman in case of Kronick's death but which would terminate upon Herman's death. In addition, Kronick did not pay Herman's attorney fees at the time required by the judgment. In proceedings which took place in July 1990, the court ordered Kronick to (1) insure spousal maintenance by obtaining an insurance policy naming Herman as irrevocable beneficiary, (2) provide Herman with documents which would prove her beneficiary status, and (3) pay Herman's attorney fees with interest. The trial court's order also provided that Kronick was to pay Herman $100 fines for each day Kronick failed to comply with the court's several demands.

Kronick appealed from this order, arguing (1) he had substantially complied with the judgment and decree by setting up the irrevocable insurance trust in favor of his former wife, and (2) the court erred in ordering him to pay fines without a hearing. This court held that Kronick had not complied with the terms of the divorce decree by establishing the insurance trust. *Kronick v. Kronick*, No. C5–90–1727, 1991 WL 10218 (Minn.App. Feb. 5, 1991). We declined to reach the issue of fines because the fines were conditional and had not yet been imposed. *Id.; see Johnson v. Johnson*, 439 N.W.2d 430, 431 (Minn.App.1989) (an order of contempt is not appealable if it can be purged by the contemnor). Before our decision was filed on February 5, 1991, Kronick complied with the court order requiring him to issue an insurance policy in favor of Herman and paid the initial attorney fees award.

Herman subsequently brought these motion proceedings to obtain a money judgment against Kronick for $27,900, the amount of fines incurred between the July 5, 1990 order and the date of appellant's compliance. Herman also requested $12,000 for attorney fees incurred in seeking enforcement of the July 1990 order, independent of fees incurred on the appeal of the order. The trial court ordered Kronick to comply with all prior court orders, but refused to impose the fines suggested in the July 1990 order because performance, albeit late, had occurred. The court also denied Herman's request for attorney fees. Herman contends that the court erred by failing to enforce the fines and denying her request for attorney fees in this enforcement action.

## ISSUES

1. Did the trial court abuse its discretion by failing to impose fines against respondent for nonperformance?

2. Did the trial court adequately explain its failure to award attorney fees to appellant?

## ANALYSIS

### I.

■ Appellant claims there is an inherent power in the trial court to award private fines against parties whose dilatory behavior requires enforcement proceedings in dissolution cases. *See In re Clerk of Lyon County Courts' Compensation*, 308 Minn. 172, 176–83, 241 N.W.2d 781, 784–87 (1976) (discussing inherent judicial power). Appellant suggests that contempt proceedings are inadequate to achieve compliance with court orders because that remedy is burdensome and involves long delays and grudging application of extreme penalties. *See Hopp v. Hopp*, 279 Minn. 170, 174, 156 N.W.2d 212, 216 (1968) (courts must have flexible mechanism to compel performance). Opposing appellant's claim, respondent observes and we confirm that there is no statutory authority or case law recognizing the inherent power of a court to impose private fines.[1] In addition, the theoretical advantage of sanctions may be diminished because they may require due process safeguards similar to those required in contempt proceedings. *Lyon County*, 308 Minn. at 181, 241 N.W.2d at 786.

■ Having examined the circumstances of this case, we find insufficient factual basis to require a final decision whether the trial court had the inherent power to impose a private fine payable against one party to another party. Even if that power were recognized, the trial court's decision would be an exercise of its equitable powers and would not be reversed absent an abuse of discretion. Here, as the trial

---

1. Minnesota statutes and rules allow the trial court to award an aggrieved party costs and attorney fees. *See, e.g.,* Minn.Stat. §§ 588.11, 549.21, 518.14 (1990); Minn.R.Civ.P. 11, 37. Under Minn.Stat. § 588.10 (1990), the trial court may impose fines payable to the public. *State by Johnson v. Sports & Health Club, Inc.*, 392 N.W.2d 329, 336–37 (Minn.App.1986) (not an abuse of discretion to impose fine payable to public in the amount of $300 per day until compliance with court order), *pet. for rev. denied* (Minn. Sept. 24, 1986). Similarly, fines in general are defined by law as items to be paid into public treasuries. Minn.Stat. § 574.34 (1990).

court found, the fines were sought after respondent had fully complied with the terms of the July 5, 1990 order. The trial court was in a position better than ours to observe whether the delay in compliance was mitigated by the occurrence of an appeal on the July 5, 1990 order or by respondent's efforts to substantially comply with all court orders.

## 2.

 Appellant also challenges the trial court's denial of attorney fees which were incurred as a result of bringing enforcement proceedings. A trial court's decision regarding attorney fees will only be reversed for an abuse of its discretion. *Davis v. Davis*, 306 Minn. 536, 538, 235 N.W.2d 836, 838 (1975), *cert. denied*, 426 U.S. 943, 96 S.Ct. 3160, 49 L.Ed.2d 1180 (1976).

Under Minn.Stat. § 518.14, attorney fees may be awarded on two bases. First, attorney fees may be awarded if the trial court finds:

> (1) that the fees are necessary for the good-faith assertion of the party's rights * * *;
> (2) that the party from whom fees, costs, and disbursements are sought has the means to pay them; and
> (3) that the party to whom fees, costs, and disbursements are awarded does not have the means to pay them.

*Id.* Additionally, the trial court may award attorney fees "against a party who unreasonably contributes to the length or expense of the proceeding." *Id.*

Appellant requested $12,000 in attorney fees to compensate her for the costs incurred in bringing proceedings to enforce the terms of the July 5 order. This request was premised on the observation that enforcement proceedings were encumbered by respondent's repetition of contentions already resolved by the trial court and this court. The trial court denied appellant's request without making findings to support its decision.

We conclude that the trial court erred by failing to make findings revealing its rationale on the attorney fees issue. We have previously held that the language of Minn. Stat. § 518.14 mandates appropriate findings where a request for attorney fees is need-based. *In re Marriage of Richards*, 472 N.W.2d 162, 166 (Minn.App.1991). Findings are similarly needed to permit meaningful appellate review on the question whether attorney fees are appropriate because of a party's conduct. *Moylan v. Moylan*, 384 N.W.2d 859, 863 (Minn.1986) (findings necessary to provide clear understanding of basis and grounds for trial court's decision).

## DECISION

The trial court acted within its discretion when it refused to impose sanctions against respondent which were suggested by a prior court order. However, we vacate the trial court's denial of attorney fees in this action and remand this case for findings explaining resolution of the attorney fees issue.

Affirmed in part, reversed in part and remanded.