*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1859**

In re the Marriage of:
Thomas M. Dillahunt, petitioner,
Respondent,

vs.

Tami L. Dillahunt,
n/k/a Tami L. Mitchell,
Appellant.

**Filed August 11, 2014
Affirmed
Hudson, Judge**

Hennepin County District Court
File No. 27-FA-06-4968

Deborah N. Dewalt, Dewalt Law Office, Burnsville, Minnesota (for respondent)

Christopher Zewiske, Ormond & Zewiske, Minneapolis, Minnesota (for appellant)

Considered and decided by Smith, Presiding Judge; Halbrooks, Judge; and Hudson, Judge.

## UNPUBLISHED OPINION

**HUDSON**, Judge

In this custody dispute, appellant challenges the district court's determination that she did not make a prima facie showing for custody modification and the denial of her motions to compel discovery and for attorney fees. We affirm.

# FACTS

This appeal arises from the ongoing dispute over the custody of 11-year-old D.D. following the marriage dissolution of her parents: appellant-mother Tami Mitchell (formerly Dillahunt) and respondent-father Thomas Dillahunt. Mitchell now lives in North Carolina, Dillahunt remains in Minnesota, and both have remarried. The March 2008 judgment and decree dissolving the marriage awarded the parties joint legal and physical custody of D.D. Dillahunt has custody during the school years, Mitchell during the summers.

Mitchell moved the district court to award her sole legal and physical custody of D.D. Mitchell alleged that Dillahunt and his wife had deprived her of court-ordered parenting time, and moved the district court to enforce the parenting-time agreement. Mitchell also moved the district court to compel Dillahunt to respond to discovery requests related to her motions. In response, Dillahunt moved the district court to deny Mitchell's discovery requests entirely and dismiss her motions with prejudice. Both parties sought attorney fees.

The district court initially scheduled a May 2013 hearing on Mitchell's discovery motion and a July 2013 hearing on her motions related to custody and parenting time. But the district court later determined that Mitchell had to make "a prima facie showing for a change of custody . . . before discovery would be proper," and thus instructed the parties to argue the prima-facie-case issue at the May hearing. After the hearing, the district court ruled that Mitchell failed to make a prima facie case to modify custody and denied her motions to compel discovery and modify custody. The district court also

denied both requests for attorney fees. The district court also ordered that the parties "respond to each other's requests in a timely manner," and that Dillahunt "promptly" enroll D.D. in therapy. This appeal follows.

## DECISION

Mitchell argues that the district court erred by failing to hold an evidentiary hearing on her custody and parenting-time motions and abused its discretion by (1) failing to modify custody based on Dillahunt's denial of court-ordered parenting time, (2) denying her motion to compel discovery, and (3) failing to award attorney fees.

## I

Mitchell challenges the district court's failure to hold an evidentiary hearing on her motion to be awarded sole custody of D.D.[1] To establish an endangerment-based prima facie case for the modification of custody, a party must show that (1) the circumstances of the child or parties have changed, (2) the modification is necessary to serve the best interests of the child, (3) the current environment endangers the child's physical or emotional health, and (4) the benefits of the change outweigh the harms. Minn. Stat. § 518.18(d)(iv) (2012). To be entitled to an evidentiary hearing, a party must make a prima facie case by alleging facts that, if true, would show the existence of all four factors, *Goldman v. Greenwood*, 748 N.W.2d 279, 284 (Minn. 2008), by submitting an affidavit setting forth facts that support the requested modification of custody, Minn.

---

[1] In the alternative, Mitchell moved the district court to change the parenting-time arrangement so that D.D. resided with Mitchell during the school year. Because Mitchell did not brief this issue on appeal, we considered it waived. *See Melina v. Chaplin*, 327 N.W.2d 19, 20 (Minn. 1982).

3

Stat. § 518.185 (2012). When determining whether a moving party has made a prima facie case to modify custody, a district court must accept all facts contained in the affidavit as true. *Geibe v. Geibe*, 571 N.W.2d 774, 777 (Minn. App. 1997).

On review from an order denying a motion to modify custody without an evidentiary hearing, this court applies three discrete stages of review. We first review de novo "whether the district court properly treated the allegations in the moving party's affidavits as true." *Boland v. Murtha*, 800 N.W.2d 179, 185 (Minn. App. 2011). Second, we review for an abuse of discretion the district court's determination of the existence of a prima facie case for custody modification. *Id.* "Finally, we review de novo whether the district court properly determined the need for an evidentiary hearing." *Id.*

### *Facts accepted as true*

The district court was required to accept the facts stated in Mitchell's affidavit as true. *See Geibe*, 571 N.W.2d at 777. But "conclusory allegations do not support a prima facie case" for custody modification, *In re Welfare of Children of L.L.P.*, 836 N.W.2d 563, 571 (Minn. App. 2013), and "do not require an evidentiary hearing," *Szarzynski v. Szarzynski*, 732 N.W.2d 285, 292 (Minn. App. 2007). We review de novo the district court's interpretation of Mitchell's affidavit. *See Boland*, 800 N.W.2d at 185.

The district court credited all of the main *factual* assertions in Mitchell's affidavit: that D.D. is increasingly distraught when she has to leave Mitchell; that Dillahunt and his wife interfere with D.D.'s video-chat time with Mitchell; that Dillahunt and his wife do not cooperate with Mitchell's reasonable requests to modify pick-up or drop-off arrangements; that Dillahunt's apartment is messy and not large enough for D.D. to live

4

in; that Dillahunt has anger issues toward Mitchell; that Dillahunt has an arrest record; and that Dillahunt and his wife reneged on agreements to allow D.D. to see her maternal grandparents and took away gifts that Mitchell's family gave D.D. Although the district court characterized Mitchell's statements as "assert[ions]" or "alleg[ations]" and did not explicitly state that it accepted them, the language of the order clearly indicates that the district court understood its obligation to credit Mitchell's factual assertions, and we are satisfied that the district court met that requirement.

The district court, however, determined that several of Mitchell's assertions were conclusory or speculative. Mitchell alleged that "something is amiss about [Dillahunt's] behaviors around [D.D.]," and that Dillahunt's wife "does not trust him to behave appropriately if left alone with [D.D.]." The district court ruled that these assertions were conclusory and did not credit them. Mitchell also claimed that Dillahunt and his wife have mental-health issues that led to an "overly-rigid, authoritarian parenting style." The district court did not credit this assertion because it is conclusory and speculative. Mitchell asserted that Dillahunt's criminal record, including an alleged arrest for DUI and an arrest warrant for unpaid fines, evinces a danger to D.D.; the district court credited the factual claims about Dillahunt's arrest record, but disagreed with Mitchell's conclusion that Dillahunt's record constitutes any danger to D.D. And the district court rejected Mitchell's assertion that Dillahunt's hostility toward her also extends to D.D. as "pure conjecture."

The district court was required to credit Mitchell's factual assertions, and it did. But it was under no obligation to credit Mitchell's conclusions or speculations. *See*

5

*Szarzynski*, 732 N.W.2d at 292. The district court did not err in its interpretation of Mitchell's affidavit.

### *Prima facie case for an evidentiary hearing*

A party seeking to make a prima facie case for modification of custody must allege the existence of four factors. *Goldman*, 748 N.W.2d at 284. The district court ruled that Mitchell failed to allege facts that, if true, were sufficient to show the existence of two of those factors: that D.D.'s or the parties' circumstances have changed, and that D.D.'s present environment endangers her physical or emotional health. We review for an abuse of discretion a district court's decision on whether a party made a prima facie case for modification. *See Boland*, 800 N.W.2d at 185.

The district court ruled that "there ha[d] been little change in circumstances" since the issuance of the judgment and decree. Although the district court stated that it was "concern[ed]" with the actions of Dillahunt and his wife, it characterized those actions as a continuation of the ongoing arguments between the parties and not a true change in circumstances. The record indicates that Mitchell has previously raised the same facts and pattern of behavior on which her current motion is based. The district court did not abuse its discretion when it declined to credit Mitchell's assertion that circumstances had changed. The district court did not abuse its discretion by ruling that the current dispute is a continuation of an ongoing custody dispute rather than the statutorily required change in circumstances necessary to support a modification of custody.

The district court also ruled that a second prima-facie-case factor was not met because "the facts alleged by [Mitchell] do not rise to the level of endangerment in the

6

child's present environment." The endangerment requirement contemplates "a significant degree of danger." *Ross v. Ross*, 477 N.W.2d 753, 756 (Minn. App. 1991). Even when one parent "intentionally and systematically interfered" with the other's parenting time, the endangerment requirement of a prima facie case is not satisfied unless the moving party alleges serious endangerment to the child's physical or emotional welfare. *Dabill v. Dabill*, 514 N.W.2d 590, 595–96 (Minn. App. 1994). Here, the district court ruled that, although Dillahunt had interfered with Mitchell's video-chat time, Mitchell did not allege facts demonstrating that the interference constitutes significant endangerment to D.D. The district court noted that nothing in Mitchell's affidavit suggested serious emotional danger to D.D. that could not be attributed to the ongoing conflict between the parties. Furthermore, the district court did not ignore Mitchell's concerns. Instead, its order credited and directly addressed those concerns by ordering Dillahunt to be reasonable about pick-up and drop-off times, to respond to Mitchell's requests in a timely manner, and to promptly enroll D.D. in counseling. On this record, the district court did not abuse its discretion by ruling that the relevant allegations in Mitchell's affidavit, even if accepted as true, fail to allege the changed circumstances and endangerment prongs required to establish a prima facie case.

Because Mitchell did not establish two elements of her prima facie case, the district court did not err by denying an evidentiary hearing. *See Goldman*, 748 N.W.2d at 284.

7

## II

Mitchell argues that, under Minn. Stat. § 518.18(d) (2012), willful denial of or interference with parenting time is an alternate basis for modifying custody. But in that statute, willful denial of or interference with parenting time is not an alternate basis for modifying custody, but a specific factual basis upon which a district court may find a change in circumstances under the four-factor framework discussed above. *See* Minn. Stat. § 518.18(d). In short, although "deprivation of parenting time may be considered in addressing motions to modify custody, it is *not* an independently sufficient basis to modify custody." *Szarzynski*, 732 N.W.2d at 293. Because the district court did not abuse its discretion by concluding that Dillahunt's behavior does not constitute a change in circumstances, an evidentiary hearing on Mitchell's motion to modify custody is not warranted.

## III

Mitchell challenges the district court's denial of her motion to compel discovery prior to the May hearing. The district court concluded that a party may use only affidavits to establish a prima facie case and denied the motion. We review a district court's denial of a motion to compel discovery for an abuse of discretion. *Erickson v. MacArthur*, 414 N.W.2d 406, 407 (Minn. 1987).

A party seeking a modification of custody must submit "an affidavit setting forth facts supporting the requested . . . modification." Minn. Stat. § 518.185 (2012). If the affidavit "set[s] forth sufficient justification, if the facts alleged therein are true, for the [custody] modification," it is sufficient to establish a prima facie case, and the party is

entitled to an evidentiary hearing. *Nice-Petersen v. Nice-Petersen*, 310 N.W.2d 471, 472 (Minn. 1981).

Once a party submits an affidavit sufficient to trigger an evidentiary hearing, discovery is appropriate, because the need to discover evidence prior to such a hearing is obvious. If an evidentiary hearing has not been set, discovery is not appropriate, because a party's burden is not to gather evidence supporting a proposed custody modification, but to allege facts in an affidavit that, if true, would be sufficient to require modification. *See Nice-Petersen*, 310 N.W.2d at 472. The district court did not abuse its discretion by denying Mitchell's motion to compel discovery.

## IV

Mitchell argues that the district court abused its discretion by failing to award her conduct-based attorney fees. In family-law proceedings under chapter 518, a district court may, in its discretion, award conduct-based attorney fees "against a party who unreasonably contributes to the length or expense of the proceeding." Minn. Stat. § 518.14, subd. 1 (2012). The district court's sole finding on the attorney-fee issue was that "[t]here is an insufficient basis for an award of attorneys' fees." We review a district court's decision on an award of attorney fees for an abuse of discretion. *Gully v. Gully*, 599 N.W.2d 814, 825 (Minn. 1999).

When denying conduct-based attorney fees under Minn. Stat. § 518.14, a district court must make findings sufficient "to permit meaningful appellate review on the question [of] whether attorney fees are appropriate because of a party's conduct." *Kronick v. Kronick*, 482 N.W.2d 533, 536 (Minn. App. 1992). Specifically enumerated

9

findings are not necessary if "the language used by the [district] court reasonably implies" the substance of a finding that would provide an adequate basis for the district court's conclusion. *Gully*, 599 N.W.2d at 825.

Here, the district court's sole finding under the heading of "Attorneys' Fees" was that there was an insufficient basis for the award of fees. But the district court made thorough, detailed findings of the procedural history of this motion and prior motions arising from the same custody dispute between the parties. These findings include that "[t]he parties have been back in court numerous times on custody and parenting time issues," that both parties sought attorney fees on the motion, and that both parties "have behaved unreasonably at times" by "continu[ing] their conflict and repeatedly engag[ing] in unnecessary arguments."

These findings lead us to infer that the district court denied an award of attorney fees to both parties because it concluded that both have engaged in behavior that contributed to the length and expense of the proceedings. Although the district court made a single finding under the heading of "Attorneys' Fees," it made enough related findings to permit meaningful appellate review of its denial of Mitchell's motion. *See Kronick*, 482 N.W.2d at 536. On review, the district court's findings provide an adequate basis for its denial of attorney fees, and therefore, that denial was not an abuse of the district court's discretion.

**Affirmed.**