*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0116**

Beverly Alto, petitioner,
Respondent,

vs.

Kenneth Alto,
Appellant.

**Filed September 22, 2014
Affirmed in part, reversed in part, and remanded
Hooten, Judge**

St. Louis County District Court
File No. 69-FX-99-101357

Beverly Alto, Hibbing, Minnesota (pro se respondent)

Ellen E. Tholen, Ellen E. Tholen Law Office, Grand Rapids, Minnesota (for appellant)

Considered and decided by Connolly, Presiding Judge; Johnson, Judge; and Hooten, Judge.

# UNPUBLISHED OPINION

**HOOTEN**, Judge

Appellant-husband argues that the district court should have awarded him attorney fees, and challenges several aspects of the district court's denial of his motion to terminate his maintenance obligation to respondent-wife. We affirm in part, reverse in part, and remand.

FACTS

In the parties' amended judgment and decree, the district court determined that appellant-husband Kenneth Alto had a net monthly income of $3,000, respondent-wife Beverly Alto had a net monthly income of $1,200, and each had reasonable monthly expenses of $2,100. Further, wife was awarded $200 in permanent monthly spousal maintenance, as well as one-half of the $65,152.73 then in husband's 401(k) account and one-half of husband's pension benefits earned through June 30, 1999. Wife appealed the amended judgment and decree, and this court affirmed. *Alto v. Alto*, No. C4-00-636 (Minn. App. Nov. 21, 2000). Cost of living adjustments later increased wife's monthly maintenance award to $227.

When husband retired at the end of May 2010, he, without obtaining court permission, stopped paying maintenance. Finding that husband had not paid a total of $4,704 in maintenance between September 8, 2010 and April 17, 2012, the district court, in an order filed on April 17, 2012, held husband in constructive contempt of court, and directed him to pay maintenance as ordered. Husband, in June 2012, moved to terminate his maintenance obligation retroactively to May 2010, and for attorney fees. By an order filed on October 10, 2012, the district court concluded that husband failed to show that substantially changed circumstances rendered his existing maintenance award unreasonable and unfair, and denied relief. In denying relief, the October 10, 2012 order found, after recognizing that husband's 50% share of the marital portion of his pension ($547.00) was property and not income, that husband's gross monthly income was $2,753, while wife had a gross monthly income of $1,432. The district court further

2

found that husband's reasonable monthly expenses were $2,100 while wife had reasonable monthly expenses of $2,110.

Husband then moved the district court to amend the October 10, 2012 order based on newly discovered evidence, claiming that wife failed to divulge income that she earned caring for the parties' grandchildren, and that her 2009 tax returns omitted her receipt of maintenance. Husband also moved for an order requiring wife to sign a release regarding this additional income, and awarding him attorney fees.

Wife opposed the motion. By order filed on March 11, 2013, the district court noted that, despite being ordered to do so at the hearing four months earlier, wife had not yet signed a release for her financial information. The district court also noted that husband was still not current on his spousal maintenance payments to wife. Finding that it was "without sufficient credible evidence" to fully address the parties' claims, the district court set husband's motion to modify maintenance for an evidentiary hearing, directed wife to sign the release, directed the parties to exchange their 2012 tax returns, and reserved husband's request for attorney fees.

After the evidentiary hearing, the district court filed an order on November 15, 2013, finding that (a) husband's gross monthly payments from his pension and 401(k) account were $2,297 and $1,100, respectively; (b) wife had a gross monthly income of $1,326 from her employment as a certified nursing assistant (CNA) and earned additional nominal and inconsistent amounts caring for the parties' grandchildren; (c) each party's reasonable monthly expenses were $2,300; (d) wife is unable to meet her needs while husband is able to meet his monthly needs and pay maintenance; and (e) husband failed

3

to show a substantial change in circumstances rendering his existing maintenance obligation unreasonable and unfair. The district court then denied husband's motions to modify maintenance, and for attorney fees. In a subsequent order, the district court required husband's $227 monthly maintenance obligation to be withheld from his monthly pension payment. Husband appeals the November 15, 2013, order and the subsequent order requiring the withholding of maintenance from his monthly pension payment. Although wife did not file an appellate brief, this court determined that the appeal should be decided on its merits under Minn. R. Civ. App. P. 142.03.

## D E C I S I O N

### I.

Husband challenges the district court's denial of his request for attorney fees. Generally, attorney fees are not recoverable unless authorized by statute or contract. *Dunn v. Nat'l Beverage Corp.*, 745 N.W.2d 549, 554 (Minn. 2008). Here, the statute or rule under which husband sought attorney fees was not cited to, or mentioned by, the district court, and is not cited in husband's brief to this court. Because husband claims he is entitled to attorney fees based on what he alleges is wife's bad faith, it appears that he is seeking conduct-based attorney fees under Minn. Stat. § 518.14, subd. 1 (2012). *Cf. Geske v. Marcolina*, 624 N.W.2d 813, 816−19 (Minn. App. 2001) (noting multiple possible bases for attorney-fee awards in family cases, that each has different requirements, and assuming, when a district court failed to identify the authority under which it awarded fees, that the fees were awarded under Minn. Stat. § 518.14, subd. 1). Under that provision,

4

a district court may, in its discretion, award attorney fees against a party who unreasonably contributes to the length or expense of the proceeding. An award of conduct-based attorney fees is reviewed for an abuse of discretion. Conduct occurring outside the litigation process cannot support an award of conduct-based attorney fees, but if an award of conduct-based fees is proper, it may be made regardless of the recipient's need or the payor's ability to pay.

*Brodsky v. Brodsky*, 733 N.W.2d 471, 476 (Minn. App. 2007) (internal citations omitted).

Husband asserts that a remand is required for the district court to make findings that will allow review of the denial of his request for fees. *See Kronick v. Kronick*, 482 N.W.2d 533, 536 (Minn. App. 1992) (remanding a denial of conduct-based fees sought under Minn. Stat. § 518.14 because the findings were inadequate to support the denial). We decline to remand because husband failed to cite the authority authorizing the fees he sought to either the district court or this court. Further, a lack of findings does not require a remand if it would not change the result. *See Grein v. Grein*, 364 N.W.2d 383, 387 (Minn. 1985) (affirming a custody decision despite a lack of statutorily "mandated" findings when the file showed that, on remand, the district court "would undoubtedly make findings that comport with the statut[e]" and reach the same result); *Tarlan v. Sorensen*, 702 N.W.2d 915, 920 n.1 (Minn. App. 2005) (citing *Grein*). In the March 11, 2013, order, the district court declared:

> Under the doctrine of unclean hands: "he (she) who seeks equity, and he (she) who comes in equity must come with clean hands." Hruska v. Chandler Assocs., Inc., 372 N.W.2d 709, 715 (Minn. 1985). It is clear to the Court that there has not been compliance with the previous Findings of Fact, Conclusions of Law, Orders and Judgments. That maintenance repeatedly has not been paid by [husband] as Ordered by this Court. That [wife], though providing

5

> financial information as requested by [husband], did not sign financial release documentation as Ordered by this Court.

After the evidentiary hearing, the district court found that wife's alleged additional "income" was actually reimbursement through the Minnesota Child Care Assistance Program for her expenses in caring for her grandchildren, not income. The district court further found that wife continued to have "the requisite need for spousal maintenance". Because the district court determined that both parties contributed to the length and expense of the proceedings, and found no support for husband's claims that wife, in bad faith, failed to report all of her income, we conclude that a remand would not change the denial of conduct-based attorney fees to husband. We therefore decline husband's request to remand this matter for further findings, and affirm the district court's denial of attorney fees.

## II.

The denial of modification of maintenance is reviewed for an abuse of discretion. *Hemmingsen v. Hemmingsen*, 767 N.W.2d 711, 716 (Minn. App. 2009).

> A district court abuses its discretion when it makes findings unsupported by the evidence or when it improperly applies the law. Findings of fact concerning spousal maintenance must be upheld unless they are clearly erroneous. Findings of fact are clearly erroneous when they are manifestly contrary to the weight of the evidence or not reasonably supported by the evidence as a whole.

*Id.* Generally, a party moving to modify maintenance must show

> a substantial change of circumstances since the last time maintenance was modified or, if maintenance has not been modified, since it was originally set. After showing changed circumstances, the moving party must demonstrate that the

6

> change renders the original award unreasonable and unfair. Changed circumstances include substantially increased or decreased income or expenses of either party.

*Id.* It is presumed that there has been a substantial change in circumstances, and there is a rebuttable presumption that the terms of a maintenance order are unreasonable and unfair, if "the gross income of an obligor or obligee has decreased by at least 20 percent through no fault or choice of the party." Minn. Stat. § 518A.39, subd. 2(b)(5) (2012).

Here, the district court denied husband's motion to modify his maintenance obligation based on its determination that, since the entry of the amended judgment and decree, there had not been a substantial change in circumstances rendering the existing maintenance award unreasonable and unfair. Husband challenges that denial. Alternatively, husband claims that the district court failed to make sufficient findings regarding his net monthly income. We agree that the district court failed to make sufficient findings of fact addressing husband's ability to pay maintenance, and failed to account for his income tax liability and his share of the property division under the dissolution judgment.

**A. Husband's ability to pay maintenance**

The district court found that husband, who is retired, receives a gross monthly pension payment of $2,297 and a $1,100 monthly payment from his 401(k) account. While "gross income" includes "any form of periodic payment to an individual, including, but not limited to . . . pension . . . payments[,]" Minn. Stat. § 518A.29 (a) (2012), pension payments received by a maintenance obligor that arise from pension interests awarded to that obligor in the division of marital property in a dissolution

7

judgment are excluded when determining that obligor's ability to pay maintenance. *Lee v. Lee*, 775 N.W.2d 631, 639–42 (Minn. 2009); *see* Minn. Stat. § 518.003, subd. 3a (2012) (defining maintenance as "payments from the future income or earnings of one spouse"); *Neubauer v. Neubauer*, 433 N.W.2d 456, 461 (Minn. App. 1988) (stating that basing a maintenance award on a pension interest previously awarded to the obligor as property "would be to allow the subsequent redistribution of th[at] pension as income after it had been awarded as property"), *review denied* (Minn. Mar. 17, 1989).

Here, the district court acknowledged this principle in its order of October 10, 2012 when it stated that "the division of the [husband's] pension and 401K plan was and remains a property distribution to each[,]" and did not treat husband's "50% share of the marital portion of the pension ($547.00)" as income. But the October 10, 2012 order did not address whether the portion of husband's payments from the 401(k) account attributable to the marital property division should also be excluded from the calculation of his income for purposes of determining his ability to pay spousal maintenance.

In its November 15, 2013 order, the district court found that husband received monthly payments of $2,297 from his pension and $1,100 from his 401(k) account but did not determine husband's monthly "income," and did not address husband's income tax liability on his receipt of these (or other) funds. The district court further did not address the fact that the amended judgment and decree awarded husband 50% of the marital portion of the 401(k) account as property, and it failed to do so despite the fact that the parties did not dispute that the analogous portion of husband's monthly pension payment ($547.00) attributable to the marital property division was properly excluded

8

from consideration when addressing husband's ability to pay maintenance. Consistent with *Lee*, the portions of the payments to husband arising from the pension and the 401(k) interests awarded to him in the amended judgment and decree as marital property should be excluded from the calculation of his ability to pay maintenance.

There was also evidence in the record of husband's income tax liability on his receipt of pension and 401(k) payments. In determining husband's ability to pay maintenance, the district court, in addition to excluding the portions of the payments to husband arising from the pension and the 401(k) interests awarded to him in the dissolution judgment as marital property, should also have accounted for husband's income tax liability.

Husband additionally argues that the portion of his 401(k) payments *not* attributable to the marital property division in the dissolution judgment should also be excluded when addressing his ability to pay maintenance. The basis for his argument is his assertion that his 401(k) account is a "savings" account. The statutory definition of "gross income" in § 518A.29(a) (2012) applies to chapter 518, which governs spousal maintenance. *Lee*, 775 N.W.2d at 635 n.5. As noted, under that definition, "gross income" includes "any form of periodic *payment* to an individual[.]" Minn. Stat. § 518A.29(a) (emphasis added). *Lee* notes that "[t]he legislature's use of the term 'payments' in [this definition] is of particular significance, indicating a legislative intent to consider pension benefits as income when the obligor actually receives a disbursement of pension funds." 775 N.W.2d at 638. Based on this definition, *Lee* goes on to state that the mere fact that pension benefits earned before a marriage are non-marital property,

9

"does not foreclose the conclusion that pre-marital pension benefit payments may also be characterized as future income available for maintenance." 775 N.W.2d at 638−39. As a result, courts are authorized "to consider pension benefit payments as income when calculating maintenance awards[,]" and "this consideration is subject only to the rule . . . that pension benefits that have previously been awarded as marital property cannot also be considered income." *Lee*, 775 N.W.2d at 639 (footnote omitted). While this portion of *Lee* addresses *pension* payments, husband has not articulated a viable rationale for distinguishing his 401(k) payments from the pension payments at issue in *Lee*.[1] Absent more, we conclude that the portion of husband's 401(k) payments not attributable to the division of marital property in the dissolution judgment is included in his "gross income" for maintenance purposes.

While we reject husband's argument with respect to the portion of the payments he receives from his 401(k) account that are not attributable to the division of marital property in the dissolution judgment, there is no indication that the district court, after properly accounting for the division of marital property in the amended judgment and decree, made the findings and calculations necessary to assess whether there has been a substantial change in husband's income between entry of the amended judgment and decree and his current motion. Therefore, we reverse the denial of husband's motion to modify his maintenance obligation, and remand this matter for the necessary findings and calculations, a determination of whether there has been a substantial change in husband's

---

[1] Indeed, the statutory definition of "gross income" states that "[n]o deductions shall be allowed for contributions to pensions, 401-K, IRA, or other retirement benefits." Minn. Stat. § 518A.29(a).

10

income, and if so, whether it renders his existing maintenance obligation unreasonable and unfair.[2]

## B. Wife's income

Husband also asserts that the district court should have attributed full-time CNA income to wife. After the evidentiary hearing generating the order from which this appeal is taken however, husband did not argue that the district court should attribute full-time CNA income to wife. Therefore, we decline to address this question. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) (stating that appellate courts generally address only questions presented to and considered by the district court).

## C. Husband's expenses

Based on what he asserts is his own "credible testimony," husband claims that his reasonable monthly expenses are $3,080, instead of the $2,300 found by the district court. Because the district court, despite husband's testimony otherwise, found his monthly expenses to be $2,300, it, implicitly, did not find his testimony credible on this point. Appellate courts defer to district court credibility determinations, *Sefkow v. Sefkow*, 427 N.W.2d 203, 210 (Minn. 1988), even when those determinations are implicit, *Pechovnik v. Pechovnik*, 765 N.W.2d 94, 99 (Minn. App. 2009).

---

[2] Husband agrees with the district court that wife's receipt of distributions from his pension and 401(k) should not be included in the calculation of wife's income since these amounts were awarded to her as part of the marital property division set forth in the dissolution judgment. *See Lee*, 775 N.W.2d at 640 n.10 (stating that "when considering the property awarded to a spouse seeking maintenance, we have looked at the income generated from that property, and not required the obligee spouse to invade the principal of the property to pay living expenses").

Husband also asserts that the district court understated his reasonable monthly expenses because, eventually, he will need to replace his truck.  But husband can move to modify maintenance when he replaces his truck, based on whatever the actual change in his expenses turns out to be.  *See Rask v. Rask*, 445 N.W.2d 849, 854 (Minn. App. 1989) (reversing a district court's inclusion in a maintenance recipient's expenses of an expense when "[t]here [was] no evidence in the record concerning when respondent will begin incurring this expense, or whether she ever will").

## D.  Wife's expenses

Husband argues that the district court overstated wife's reasonable expenses, but does not identify the amount by which he believes the district court overstated those expenses.  Absent a more developed argument by husband, the degree of overstatement he alleges is unclear, and he has not shown that the finding of wife's monthly expenses is clearly erroneous.  *See Loth v. Loth*, 227 Minn. 387, 392, 35 N.W.2d 542, 546 (1949) (stating that "on appeal error is never presumed.  It must be made to appear affirmatively before there can be reversal . . . [and] the burden of showing error rests upon the one who relies upon it.") (quoting *Waters v. Fiebelkorn*, 216 Minn. 489, 495, 13 N.W.2d 461, 464−65 (1944)); *see also Braith v. Fischer*, 632 N.W.2d 716, 724 (Minn. App. 2001) (applying *Loth*).

## III.

Husband argues that the district court should have modified his maintenance obligation retroactively.  *See* Minn. Stat. § 518A.39, subd. 2(e) (2012) (addressing retroactivity); *Lee*, 775 N.W.2d at 643 (same).  Husband also challenges the imposition

of withholding to collect his maintenance obligation. *See* Minn. Stat. § 518A.53, subd. 3 (2012) (addressing withholding). Because we are remanding other aspects of the maintenance question, we also remand these questions for the district court to re-address them in light of whatever decisions it may make on remand.

In sum, we are affirming the district court's denial of attorney fees and findings regarding wife's income and each party's expenses. But we are reversing the district court's finding regarding husband's income and remanding for reconsideration of whether, with the appropriate deductions and exclusions from husband's income consistent with this opinion, there has been a substantial change in circumstances which renders the prior award of maintenance in the amended judgment and decree unreasonable and unfair. It is discretionary with the district court whether to reopen the record on remand.

**Affirmed in part, reversed in part, and remanded.**